393 So.2d 54 (1981)
Mary WATTS, Appellant,
v.
Merilyn B. HAUN, Errol H. Bryan, Jr., and Bryan Apartments, Inc., a Florida Corporation, Appellees.
No. 80-1685.
District Court of Appeal of Florida, Second District.
January 30, 1981.
*55 Robert A. Lee of Wood, Whitesell & Karp, P.A., Sarasota, for appellant.
Philip W. Dann of Baird, Dietrich & Dann, St. Petersburg, for appellees Merilyn B. Haun and Errol H. Bryan, Jr.
GRIMES, Acting Chief Judge.
This is an appeal from a nonfinal order denying a motion to dismiss for lack of jurisdiction over the person of one of the defendants.
Merilyn B. Haun and Errol H. Bryan, Jr., are the natural children of Errol H. Bryan, Sr., deceased, by virtue of his first marriage. Mary Watts is his natural daughter through his second marriage. Bryan Apartments, Inc. is a Florida corporation which operates an apartment building in Florida. Haun and Bryan, Jr., brought suit against Mrs. Watts and the corporation seeking imposition of a constructive trust on certain stock of the corporation originally owned by Bryan, Sr.
According to the complaint, Bryan, Sr., who was then in New York, endorsed the stock certificates in blank and placed them in an envelope bearing Mrs. Haun's name. In December 1977, he travelled to Florida where he took up residence in St. Petersburg. At the time of his arrival, he had a fixed intention to make an inter vivos gift of the certificates to Mrs. Haun and Bryan, Jr. In order to carry out his intent, he contacted Mrs. Watts in New York several times requesting that she forward him the certificates, but she failed to do so. She came to St. Petersburg in June 1978 and caused Bryan, Sr., to be transported to a hospital in Greenwich, Connecticut. She thereafter secured his transfer to a rest home in New York where he remained until he died. His estate is being probated in New York pursuant to a last will and testament in which Mrs. Watts is designated the sole beneficiary.
The complaint further alleges that Mr. Watts occupied a confidential relationship with Bryan, Sr., from June 1978 until his death, providing him with companionship and supervising his financial and medical affairs. During this period of time, he was in a deteriorating physical and mental condition and was unable fully and adequately to understand the nature of his acts. On December 5, 1978, Mrs. Watts obtained his signature on a stock power, thereby "prima facie securing transfer of the interest represented by the certificates to her."
The complaint concludes with allegations that Mrs. Watts intentionally embarked upon a scheme to isolate Bryan, Sr., from the majority of his heirs in order that she might defeat his desire to make the inter vivos gift of the stock to Mrs. Haun and Bryan, Jr. But for her action in removing him from Florida, he would have fulfilled and carried out his intent to make the gift of stock. Her success in defeating the gift was the result of undue influence and the intentional interference with the rights of Mrs. Haun and Bryan, Jr.
*56 Mrs. Watts is a resident of New York. Therefore, the plaintiffs sought to obtain jurisdiction over her person by substituted service pursuant to section 48.193(1)(b), Florida Statutes (1979), which reads as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
.....
(b) Commits a tortious act within this state.
The constitutionality of this provision for the purpose of obtaining "long arm" jurisdiction has been upheld. Godfrey v. Neumann, 373 So.2d 920 (Fla. 1979).
Mrs. Watts first contends that regardless of the extent of her contact with the State of Florida, the complaint fails to allege a tort under existing law. To the contrary, we find that the allegations sufficiently make a claim for the tort of wrongful interference with an expected gift. See Davison v. Feuerherd, 391 So.2d 799 (Fla. 2d DCA 1980); Allen v. Leybourne, 190 So.2d 825 (Fla. 3d DCA 1966).
The more difficult question is whether Mrs. Watts committed the alleged tort in Florida. At first blush, it might appear that the tort was actually consummated when she obtained Bryan, Sr.'s signature on the stock power back in New York on December 5, 1978. Yet, the gravamen of the complaint is for the wrongful interference with Bryan, Sr.'s fixed intention to give the stock to the plaintiffs which they alleged commenced in June of 1978. In fact, the execution of the stock power was not even essential to Mrs. Watts' ultimate claim of ownership, since she is the sole beneficiary of Bryan, Sr.'s estate. The complaint is sufficiently broad to infer that Mrs. Watts' trip from New York to St. Petersburg was part of the scheme to thwart Bryan, Sr.'s desire to give the stock to the plaintiffs. Taking Bryan, Sr., back to New York was essential to insulate him from them, and Mrs. Watts had to come to Florida in order to accomplish this.
In essence, the complaint alleges a continuing tort commencing in June 1978 and running until December 5, 1978, if not until Bryan, Sr.'s death. From a chronological standpoint, most of Mrs. Watts' activities took place outside of Florida. However, under the allegations it was essential to the success of the tort that she come to Florida and take Bryan, Sr., back to New York. Therefore, we hold that the complaint sufficiently demonstrates that Mrs. Watts committed a substantial aspect of the alleged tort in Florida. This is enough to subject her to personal jurisdiction under section 48.193(1)(b).
AFFIRMED.
OTT and CAMPBELL, JJ., concur.