Steven A. STEPANIAN, II, Plaintiff-Appellant,

v.

David R. ADDIS, Defendant-Appellee.

No. 84–3664.

United States Court of Appeals, Eleventh Circuit.

Feb. 18, 1986.

Steven A. Stepanian, II, Pittsburgh, Pa., pro se.

Howard S. Scher, Barbara L. Herwig, Appellate Staff, Civil Div. U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before RONEY and HATCHETT, Circuit Judges, and NICHOLS *, Senior Circuit Judge.

PER CURIAM:

This case stems from allegedly defamatory statements made by a Justice Department attorney at a conference with a newspaper reporter in connection with a grand jury indictment of the plaintiff. The suit was framed in two counts: *first*, a diversi-

---

* Honorable Philip Nichols, Jr., Senior U.S. Circuit Judge for the Federal Circuit, sitting by designation.

ty common law slander action, and *second,* a constitutional due process of law claim.

In a prior interlocutory appeal, we affirmed the district court's decision that the defendant was not entitled to absolute immunity. *Stepanian v. Addis,* 699 F.2d 1046 (11th Cir.1983). We held that under *Marrero v. City of Hialeah,* 625 F.2d 499 (5th Cir.1980), *cert. denied,* 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981), the news conference was not absolutely protected by quasi-judicial immunity, and that whether defendant was immune from suit requires a factual determination as to whether he exceeded the scope of his authority in making the statements.

After our affirmance of the denial of defendant's motion for summary judgment, the district court did not further address the immunity question. Instead, it held that Stepanian's slander claim was barred by a one-year District of Columbia statute of limitations and that there was no constitutional cause of action for the alleged conduct. We affirm as to the denial of any constitutional claim, but reverse the decision that the slander claim is barred by the statute of limitations.

The district court concluded that the District of Columbia statute of limitations applied because the cause of action arose in the District of Columbia and Florida's borrowing statute provides:

When the cause of action arose in another state or territory of the United States, or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.

Fla.Stat.Ann. § 95.10. The District of Columbia has a one-year limitations period for slander actions. D.C.Code Ann. § 12–301(4) (1979).

On appeal, Stepanian alleges that the district court erred in concluding that this case "arose" in the District of Columbia. The sole connection this case has with the District of Columbia is that a private conference occurred between defendant Addis and a United Press International (UPI) reporter in Addis' Washington, D.C. office

three days before the indictment was handed down. Stepanian first learned of the conference during the course of this litigation on December 2, 1983. During that meeting, Addis made certain statements regarding Stepanian's indictment and case on the condition that those statements not be released or published until the indictment was actually issued.

All other events relating to this case occurred in Florida. On September 28, 1977, the indictment issued in Orlando, Florida. On the same date, Addis, who was in Orlando with the grand jury, called the UPI reporter in Washington, D.C. to allow release of the article. The UPI wire service news story containing the allegedly defamatory statements was datelined "Orlando," September 28, 1977, and contained what appeared to be direct quotes from Addis. The UPI story was printed in a Florida newspaper and all the activity and investigation leading up to the indictment and the convening of the two grand juries also occurred in Florida.

■ The district court erred in deciding that the only cause of action against Addis for the statement to the UPI reporter arose in the District of Columbia. Although the cases are not as clear as they might be, it seems clear that under the proper circumstances, where a person informs a news reporter, the tort of slander and libel can occur where the allegedly false material is circulated. The material here was published in Florida and plaintiff asserts a Florida cause of action against defendant for that publication, which assertion would, of course, require proper factual proof. *Restatement (Second) of Torts* §§ 576 & 577A, comment a (1977); *cf. Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 777, 104 S.Ct. 1473, 1479, 79 L.Ed.2d 790, 799 (1984) (holding due process not violated by permitting libel plaintiff to maintain suit in New Hampshire where only contact with that state was circulation of magazine, noting that tort is generally held to occur wherever the offending material is circulated); *Bell v. Simmons,* 247 N.C. 488, 101 S.E.2d 383 (1958); 50 Am.Jur.2d *Libel and*

*Slander* § 172 (1970); 19 Fla.Jur.2d *Defamation and Privacy* § 48 (1980).

Since the Florida cause of action would not be barred by the longer Florida Statute of Limitations, Fla.Stat.Ann. § 95.11, the slander count should not have been dismissed on that ground.

Appealing the district court's dismissal of his *Bivens* claim for a constitutional due process violation, *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), Stepanian alleges that his property interest in his profession and business and his liberty interest in his reputation were injured without due process of law by Addis' defamatory statements.

In *Bivens,* the Supreme Court held that in a search and seizure Fourth Amendment case, the federal Constitution provides an independent limit on federal power regardless of whether corollary state remedies exist. This judicially crafted remedy for federal constitutional violations exists unless "special factors counselling hesitation in the absence of affirmative action by Congress" indicate otherwise. *Bivens,* 403 U.S. at 396, 91 S.Ct. at 2005.

The district court cited three "special factors" in dismissing Stepanian's *Bivens* claim: (1) the public's interest in free flow of information relative to federal prosecutors' law enforcement activities; (2) the difficulty in defining in the absence of federal authority, just what "process" might be due a person before a Government agency releases information relative to law enforcement activities; the common law remedy for libel and scandal which comes into being after the damages have occurred ought to be sufficient for name clearing and compensatory purposes; and (3) the criminal trial provided Stepanian with a full opportunity to clear his name, if not with monetary compensation.

▮ Whether or not a *Bivens*-type claim could be spelled out under the facts of this case, the "special factors" articulated by the district court would caution against establishing such a cause of action. We therefore affirm the denial of plaintiff's constitutional claim on the ground that there is no such cause of action in this case.

Stepanian's third issue on appeal alleges a Fed.R.Crim.P. 6(e) violation because Addis publicly disclosed matters that were before the grand jury. *Cf. United States v. Sells Engineering, Inc.,* 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed.2d 743 (1983) (United States Justice Department Civil Division employees may not examine grand jury materials without court approval). This claim was not ruled on by the district court and so we refrain from considering it on this appeal.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

NICHOLS, Senior Circuit Judge, concurring in part and dissenting in part:

I join in the portion of the opinion which holds that the alleged tort of slander or libel arose not only in the District of Columbia, but elsewhere wherever the defamatory statements circulated. Respectfully, I dissent from the portion which affirms dismissal of the constitutional due process violation.

The district court did not have before it a question whether it should midwife the birth of a "constitutional tort" for abusive pronouncements by prosecutors against suspects. This tort, however young, was born previously before Mr. Stepanian amended his complaint to add a count founded upon it. *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Marrero v. City of Hialeah,* 625 F.2d 499 (5th Cir.1980). It appears to me that the Supreme Court did not mean the trial court in such case thereafter should stop for an overview of "factors counseling hesitation in the absence of affirmative action by Congress." This is for the Court or court that has taken for itself in the first place, the role of father of the new tort. To search for and

apply such factors all over again, though the tort is now a brawny youngster, is to introduce a personal and variable factor into jurisprudence not reasonable to impute to the Supreme Court. Once the originally enacting Justice or judge has weighed the factors, and found them inadequate to require a stop to judicial legislation, his decision is a precedent as binding as any other portion of it would be. The "factors counseling hesitation" were weighed in *Marrero v. Hialeah,* authority binding in this circuit, and found wanting. That settles them unless the Supreme Court or Congress acts and necessitates a reweighing.

But if the factors are to be weighed all over again, even so I find a weighing as here made inappropriate. The public interest in free flow of information is considered in *Marrero v. Hialeah* as given weight only in measuring the scope of immunity (625 F.2d at 510). It is not then a reason for throwing the case out of court entirely. The difficulty in defining what "process is due" before release of defamatory material, is largely answered by the regulatory and ethical published standards devised to govern Mr. Addis' behavior. It may well be that Florida common law affords a remedy in damages quite duplicating that sought in the constitutional tort. If so, there is no waste of judicial resources in letting the constitutional tort stand for now. The anomaly of looking to state law for protection of a federal constitutional right, is the whole point of the *Bivens* case. The acquittal in the criminal trial may have cleared Mr. Stepanian's name, but it would seem this would be so only as to matters alleged against him in the indictment. If Mr. Addis went beyond the contents of the indictment in his defamatory utterances, it is hard to see how the acquittal *per se* could have helped Mr. Stepanian.

The remaining task in my view thus is to determine the nature and scope of Mr. Addis' immunity, under the authorities, and to determine his liability, if any, for utterances outside his immunity. The time of publication, and thus the date of the alleged tort, is different because we have determined it has taken place elsewhere as well as in the District of Columbia. I believe the journalist respected his commitments to Mr. Addis, who is entitled to benefit from this, to the extent that the various press articles are to be considered based on the actual indictment so far as the text of the indictment will support them and preceded the articles.