**John MADERA, Plaintiff,**

v.

**Daryl HALL, Defendant.**

**No. 88–0914–Civ.**

United States District Court, S.D. Florida.

July 11, 1989.

Garber & Guralnick by Mark S. Guralnick, Fort Lauderdale, Fla., for plaintiff.

Parcher Arisohn & Hayes, Brian D. Caplan, New York City, and Beckham, McAliley & Schulz by Thomas W. McAliley, Miami, Fla., for defendant.

## FINAL ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

JAMES LAWRENCE KING, Chief Judge.

This cause came before the court on the defendant's motion to dismiss and motion for representation *pro hac vice*. Because this action is time-barred and because the court lacks personal jurisdiction over the defendant, the court grants the defendant's motion to dismiss.

### I. FACTS

The plaintiff claims that the defendant, Daryl Hall, made an allegedly libelous statement in a telephone interview with *Music Connection*, a magazine published in California. The defendant, a resident of New York, is an internationally famous musician and recording artist. Hall allegedly made the comment in New York to an interviewer in California. The statement was published in the November 24, 1986—December 14, 1986 issue of *Music Connection*. The statement read as follows:

> I had my first disillusionment with the music business early on. I was working with this guy John Madera, in Philadelphia, and he wrote 'AT THE HOP' and a whole bunch of things and he had his day in the sun, but he was pretty much a small time kind of guy. I was doing sessions with him, gettin' [sic] paid by him, bein' [screwed] by him basically.

This issue of *Music Connection* went on sale at newsstands and was generally distributed to the public on November 19 and 20, 1986. The issue had a national circulation of 10,000 issues, of which 18 copies were mailed to Florida. The plaintiff claims that the allegedly libelous statement damaged his reputation in the entertainment industry for professionalism and personal integrity. The plaintiff further claims that he has been subjected to disgrace, public humiliation and embarrassment and has suffered great mental pain and anguish.

The plaintiff untimely filed an action in federal district court in New York. The court dismissed the action as time-barred under New York's one year statute of limitations. Apparently, the plaintiff also unsuccessfully pursued an action on the same issue in California. The plaintiff then filed the present case in May, 1988, approximately 18 months after the November 24, 1986—December 14, 1986 issue of *Music Connection* was published.

The defendant moves the court to dismiss the plaintiff's action pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure. Specifically, the defendant contends that the complaint fails to state a claim upon which relief can be granted, as the applicable statutes of limitation have expired, and that the court lacks personal jurisdiction over the defendant.

## II. DISCUSSION

This case is a clear example of forum shopping. Being time-barred in other jurisdictions where one, or perhaps two, previously filed actions were dismissed, the plaintiff seeks refuge in Florida's longer statute of limitations. To do so, he seeks to hale into court in Florida a resident of New York. The New York defendant's motion to dismiss presents the court with two issues: first, a choice of law among the statutes of limitations in three states, and, second, a determination of whether the court has personal jurisdiction over the defendant.

### A. Statute of Limitations

The defendant moves to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted, contending that the plaintiff's action is time-barred by the applicable statute of limitations. The statute of limitations is either two years under Florida law, *Fla. Stat.* § 95.11(4)(g) (1987), or one year under either New York law, Civ.Prac.L. & R.N.Y. § 215(3), or California law, *Cal.Code Civ. Proc.* § 340(3).

In the motion to dismiss, the defendant urges that the Florida statute of limitations should not apply because the cause of action arose in another state. Specifically, the defendant states that Florida's "borrowing statute" bars maintenance of the suit in Florida. The statute provides as follows:

> When the cause of action arose in another state or territory of the United States or in a foreign country, and its laws forbid the maintenance of the action because of lapse of time, no action shall be maintained in this state.

Fla.Stat. § 95.10 (1987). "The purpose of the statute is to discourage 'forum shopping' and the filing of lawsuits in Florida that have already been barred in the jurisdiction where the cause of action arose." *Celotex Corp. v. Meehan*, 523 So.2d 141, 143 (Fla.1988). The first inquiry of the court, consequently, is to determine where the cause of action arose.

Three choices exist as to where the cause of action for libel arose. The cause arose either in New York, where the statement allegedly was made, or in California, where the statement was recorded, printed, published and released for circulation, or Florida, where eighteen copies of the magazine were circulated. As a further consideration, California is the plaintiff's legal residence and the place where he presumably conducts a majority of his professional business and has the majority of his professional contacts.

The borrowing statute comes into effect only upon determination that the cause of action arose in another state. *Bates v. Cook, Inc.*, 509 So.2d 1112, 1115 (Fla.1987). For the purposes of the borrowing statute, Florida court's apply the "significant relationship" test to determine in which state the cause of action arose. *Id.* Under the significant relationship test, where courts are faced with conflicts of law questions concerning statutes of limitations as to tort actions involving more than one state, "the law of the state having the most significant relationship to the occurrence and the parties" is controlling. *Id.* at 1114. Thus, as between New York, California, and Florida, the statute of limitations in the state having the most significant relationship to the alleged libelous act and the parties is controlling.

The "occurrence" giving rise to a libel cause of action "is generally held to occur wherever the offending material is circulated." *Stepanian v. Addis*, 782 F.2d 902, 903 (11th Cir.1986) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777, 104 S.Ct. 1473, 1479, 79 L.Ed.2d 790 (1984)). When a person makes a libelous statement to a reporter, the tort can occur where the statement is circulated. *Stepanian*, 782 F.2d at 903 (tort of libel could have arisen in Florida, where the allegedly false statements were published, even though the plaintiff made the statements in the District of Columbia). The mere fact that the statement was made in New York does not make New York's statute of limitations controlling, because the allegedly libelous material was published in California and circulated in Florida.

Applying the significant relationship test, the court looks to the relationship of the parties and the occurrence to each state. As to the plaintiff, John Madera, he is a citizen and resident of the state of California. As a resident of California, the plaintiff presumably has significant professional contacts within that state. Any damage to his professional reputation would most likely have occurred in California, where *Music Connection* magazine is published and where circulation is the greatest. Indeed, it is likely that the plaintiff first became aware of the publication of these statements in California, and that that is where any actual damage suffered by the plaintiff occurred. *See Lamphier v. Knight–Ridder Newspapers*, 12 Med.L. Rep. 2154, 2156 (S.D.Fla.1986) (allegedly libelous statements published in *Miami Herald* resulted in injury in California, the plaintiff's place of residence and business, leading the court to conclude that the plaintiff's cause of action arose in California; therefore, the court applied Florida's borrowing statute to bar the plaintiff's action under California's one year statute of limitations).

In his complaint, the plaintiff fails to allege any relationship to the state of Florida. The only connection to the state is the circulation of eighteen issues of *Music Connection* magazine, which contained the allegedly libelous statement. The plaintiff does not allege any professional connections with Florida, and does not allege any facts to show that circulation of the statement in Florida damaged his reputation in any way. Although damages are presumed where an injury is shown to the plaintiff's professional or business reputation, as a bare minimum, the plaintiff must show that he had a reputation to damage in the forum where the tort is alleged to have occurred. The plaintiff has not done that here nor has the plaintiff alleged any facts to show a relationship between himself and New York or between the occurrence and New York. The court, therefore, finds that the relationship between the plaintiff, the occurrence, and the state is far more significant in California than it is in New York or Florida.

As to the defendant, his relationship to the state of Florida is insignificant in that it is limited to some real estate holdings unrelated to this cause of action, the sale of his recordings in this state, and his live concert appearances. The latter two contacts, one entirely incidental and impersonal and the other sporadic and infrequent, do not create a significant relationship between the defendant and Florida and are only remotely related to this cause of action. Of course, his relationship with the state of New York is substantial since he is a New York resident. The relationship between the occurrence and New York is insignificant, because that is only where the statement was made in a private conversation. Based on the significance of the relationship between the plaintiff, the publication and circulation of the allegedly libelous statement, and the state of California, the insignificance of their relationship to the state of Florida, and the marginal significance of the occurrence to the state of New York, the court holds that the cause of action arose in California. As a California cause of action, under Florida's borrowing statute, the California one year statute of limitations applies. The case, consequently, is dismissed as time-barred in Florida.

### B. Personal Jurisdiction

In addition to dismissing the action due to the statute of limitations bar, the court can dismiss the complaint for lack of personal jurisdiction. In a diversity action, a federal court "may exercise personal jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state." *Oriental Imports & Exports v. Maduro & Curiel's Bank*, 701 F.2d 889, 890 (11th Cir.1983). Once the defendant is found to fall within the provisions of the long-arm statute, the court must determine whether subjecting the defendant to the jurisdiction of the court is constitutionally permissible. *Rebozo v. Washington Post Co.*, 515 F.2d 1208, 1211 (5th Cir.1975). The reach of the state's long-arm statute is not unbounded, but rather is limited by the due process

clause of the fourteenth amendment. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 470 n. 12, 105 S.Ct. 2174, 2181 n. 12, 85 L.Ed.2d 528 (1985). Thus, the court proceeds to a two-part inquiry to determine whether jurisdiction is proper under the long-arm statute.

### 1. Long-arm Statute

The plaintiff invokes the jurisdiction of this court on the basis that the defendant allegedly committed a tort within the state by virtue of the circulation of the allegedly libelous statement he made to *Music Connection*. Florida's long-arm statute provides in relevant part:

> (1) Any person, whether or not a citizen or resident of the state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> \*    \*    \*    \*    \*    \*
>
> (b) Committing a tortious act within this state.

Fla.Stat.Ann. § 48.193(1)(b) (West Supp. 1989).

██ Under the Florida long-arm statute, the person invoking the jurisdiction of the Florida courts carries the burden of proving facts showing jurisdiction to be proper. *Oriental Imports & Exports*, 701 F.2d at 891. The plaintiff here alleges that the defendant committed a tort within the state, making personal jurisdiction proper under subsection 48.193(1)(b). As pleaded by the plaintiff, defendant Hall's allegedly tortious conduct was the publication of the alleged libelous statement by making it in an interview with *Music Connection* magazine, which published and disseminated the statement in the December 14, 1986 issue. The plaintiff claims that the allegedly tortious conduct occurred in Florida because copies of the magazine containing the interview were circulated in Florida.

██ When a libelous statement in a publication is sent into a state where it causes injury to the plaintiff, the tortious conduct from which the injury arises may be considered to occur in that state. *Rebozo*, 515 F.2d at 1212. In such a situation, where the published statement was made in another state by a nonresident of Florida in an interview with the publication, and the allegedly false material is circulated within the state, the person making the statement may be held to have acted tortiously within the state. *Stepanian*, 782 F.2d at 903. Therefore, the tortious conduct section of the long-arm statute allows courts in Florida to assert jurisdiction over the speaker. *Id. See Rebozo*, 515 F.2d at 1213. This scenario is precisely the factual setting of this case, as alleged by the plaintiff. The allegations in the complaint, therefore, satisfy the first half of the jurisdictional requirement. The court's inquiry, however, is incomplete without determining whether asserting jurisdiction is constitutionally permissible.

### 2. Due Process Analysis

██ To determine whether assertion of that jurisdiction is constitutionally permissible, the court must consider whether asserting jurisdiction offends the due process clause of the fourteenth amendment. The issue is whether the nonresident defendant has sufficient minimum contacts with the state so as not to offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The nature and quality of the contacts are to be considered in applying the minimum contacts test. *Rebozo*, 515 F.2d at 1214. Even commission of a single tortious act may be held to provide a basis for personal jurisdiction. *Id.* Nevertheless, the court must still determine "whether the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). An assertion of specific jurisdiction over an out-of-state defendant, as is sought here under § 48.193(1)(b), requires that the defendant have "fair warning that a partic-

ular activity may subject [them] to the jurisdiction of a foreign sovereign." *Shaffer v. Heitner,* 433 U.S. 186, 218, 97 S.Ct. 2569, 2587, 53 L.Ed.2d 683 (1977) (Stevens, J. concurring in judgment). This requirement is met if the defendant " 'purposefully directed' his activities at residents of the forum," *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), "and the litigation results from alleged injuries that 'arise out of or relate to' those activities," *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). *Burger King,* 471 U.S. at 472, 105 S.Ct. at 2182.

Applying these due process principles to the matter at hand, the court concludes that the jurisdictional test is not satisfied. In his complaint, the only contact between the defendant and Florida alleged by the plaintiff is the circulation of the defendant's allegedly libelous statement in the state. Although the litigation arises from that statement, the court cannot say that the statement made by the defendant in New York, to a reporter of a magazine of limited circulation published in California, during a telephone interview with the reporter in California was purposefully directed at the residents of Florida. Furthermore, taking the facts alleged by the plaintiff in his response to the defendant's motion to dismiss as true, the court cannot find that the alleged injury arose out of or was related to the defendant's activities as a musician or as an owner of real property in the state. The court agrees that the defendant's main contacts with the state are activities connected with the music industry, which is also the plaintiff's business and the subject of the interview. However, any connection between those activities and a statement made concerning a contractual relationship between the plaintiff and defendant in 1969–71 is too remote to give the defendant fair warning that he may be susceptible to being haled into court in Florida as a result of making the statement. Consequently, the defendant cannot be subject to the jurisdiction of Florida.

The court concludes that subjecting the defendant to personal jurisdiction in this state is not constitutionally permissible under the due process clause. Consequently, the defendant is not susceptible to the jurisdiction of the court under the tortious conduct section of Florida's long-arm statute. *See Scordilis v. Drobnicki,* 443 So.2d 411, 412–13 (Fla. 4th DCA 1984); *Lakewood Pipe of Texas v. Rubaii,* 379 So.2d 475, 477 (Fla. 2d DCA 1979), *appeal dismissed,* 383 So.2d 1201 (Fla.1980); *Osborn v. University Society, Inc.,* 378 So.2d 873, 874 (Fla. 2d DCA 1979). Therefore, the plaintiff's complaint can also be dismissed for lack of personal jurisdiction.

### III. CONCLUSION

Because the cause of action arose in California by virtue of the significant relationship between the parties, the occurrence and the state of California, the Florida borrowing statute requires this court to apply California's statute of limitations for libel actions in considering the timeliness of the plaintiff's complaint. Despite the plaintiff's attempt at forum shopping, this action is time-barred by California's one-year statute of limitations because the plaintiff filed the action eighteen months after publication. Furthermore, because the defendant did not have sufficient contacts with Florida, the plaintiff has failed to establish personal jurisdiction over the defendant. The plaintiff's complaint, therefore, is dismissed with prejudice. Accordingly, the court

ORDERS and ADJUDGES that the defendant's motion to dismiss is GRANTED and the complaint is DISMISSED with prejudice. The court

FURTHER ORDERS AND ADJUDGES that the defendant's motion for admission *pro hac vice* is DENIED as moot.

DONE and ORDERED.