**Peter E. KELLY, Plaintiff,**

v.

**Jeffrey G. KELLY and Linda Smythe Kelly, Defendants.**

**No. 94–383–CIV–FTM–17D.**

United States District Court,
M.D. Florida,
Fort Myers Division.

Oct. 25, 1995.

---

**21.** Plaintiffs' brief filed on February 22, 1994, at 20.

**22.** Shirley and Home Oil Company's brief filed on March 3, 1994, at 48–49.

Peter E. Kelly, Sanibel, FL, for Peter E. Kelly.

John F. Mariani, Levy, Kneen, Mariani, Curtin, Wiener, Kornfeld & del Russo, West Palm Beach, FL, for Jeffrey G. Kelly and Linda Smythe Kelly.

### ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

KOVACHEVICH, District Judge.

This cause comes before the Court on the Motion of Defendants JEFFREY G. KELLY and LINDA SMYTHE KELLY for Judgment on the Pleadings for lack of personal jurisdiction, subject matter jurisdiction, and the principle of comity under Rule 12(c) of the Federal Rules of Civil Procedure (Docket No. 11). Plaintiff has filed a response in opposition to Defendant's Motion for Judgment on the Pleadings (Docket No. 18). Defendants have filed a Reply and an affidavit in opposition to Plaintiff's response (Docket No. 23 & 24 respectively).

This Court, having reviewed the pleadings and memoranda submitted by the parties, will treat Defendants' Motion for Judgment on the Pleadings, Rule 12(c), as one for dismissal under Rule 12(b).[1] The Court, in ruling on a motion to dismiss, is required to view the complaint in a light most favorable to Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). For the reasons summarized below, this Court declines personal jurisdiction over Defendants.

### I. DISCUSSION

Before reaching Defendants' other contentions for dismissing the case, the Court must first address Defendants' Motion objecting to jurisdiction over the person. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990).

### (A) PERSONAL JURISDICTION

█ Plaintiff bases jurisdiction on diversity of citizenship and asserts that this Court has personal jurisdiction over Defendants pursuant to *Florida Statutes* § 48.193, Florida's Long–Arm Statute. The determination of jurisdiction over the non-resident persons requires a two-part test by federal courts. *Cable/Home Communication v. Network Productions,* 902 F.2d 829 (11th Cir.1990). First, this Court must inspect Florida's Long–Arm Statute, *Fla.Stat.* § 48.193 to consider the jurisdictional issue. Second, the Court must consider whether there are sufficient minimum contacts to satisfy the Due Process Clause of the Fourteenth Amendment so that the maintenance of a suit does not violate traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

█ The reach of the Florida Long–Arm Statute is a question of Florida law. Therefore, this Court must construe the statute in accord with the Florida Supreme Court's construction. *Oriental Imports & Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 890–91 (11th Cir.1983). The Florida Long–Arm Statute must be strictly construed to comport with due process requirements. *Id.* at 891. Moreover, where the Court does not conduct an eviden-

---

1. *See Walker v. Carnival Cruise Lines, Inc.,* 681 F.Supp. 470, 472 n. 1 (N.D.Ill.1987) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1369, at 698 (1969)). Because Defendant's motion is founded in part upon the assertion that this Court lacks jurisdiction over the person and subject matter, said motion should be treated as one for dismissal as in the *Walker* decision. The *Walker* Court explained that a Rule 12(c) motion is an inappropriate method for resolving pretrial matters such as jurisdiction. Alternatively, the Rule 12(c) motion should be used to resolve the merits of a complaint.

tiary hearing to determine the sufficiency of Defendants' contacts with the forum state, Plaintiff must establish a prima facie case of personal jurisdiction over non-resident Defendants. This occurs only when Plaintiff presents "sufficient evidence to defeat a motion for directed verdict." *Cable/Home Communication*, 902 F.2d at 855.

■ Upon reviewing the pleadings, the District Court must accept the facts asserted in Plaintiff's Complaint as true, to the extent they are not controverted by Defendants' affidavits. If Defendants sufficiently challenge Plaintiff's assertions, then Plaintiff must support his allegations and cannot rely only on the factual allegations published in his complaint. *Prentice v. Prentice Colour, Inc.*, 779 F.Supp. 578, 586 (M.D.Fla.1991). Finally, where the affidavits conflict, the Court must construe all reasonable differences in favor of Plaintiff. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir.1988).

■ The Court now addresses whether a tort was committed in the State of Florida pursuant to *Fla.Stat.* § 48.193. Although Plaintiff failed to allege any specific section of the Florida Long–Arm Statute, it appears from Plaintiff's memorandum and supporting affidavit that Plaintiff seeks to assert personal jurisdiction under *Fla.Stat.* 48.193(1)(b).

Florida Statutes Section 48.193 provides, in relevant part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(b) Committing a tortious act within this state.

*Fla.Stat.* § 48.193 (1995).

Plaintiff alleges in his affidavit that jurisdiction over the person is sufficiently manifested because of the "telephone calls, letters, and meetings with [Defendants'] attorneys for seven months in Florida and New York." In addition, Plaintiff asserts that the tortious acts of defamation by facsimile and telephone

are prima facie evidence to afford this Court jurisdiction over Defendants.

While the above activities may be sufficient to substantiate personal jurisdiction, Defendants' affidavit states that the will, codicil and inter vivos trust were all executed prior to the date Plaintiff relocated to Florida. Defendants argue that any alleged tortious activity regarding the tortious interference with Plaintiff's receipt of inheritance occurred prior to Plaintiff's relocation and should not fall within Florida's venue. *See Fla.Stat.* § 48.193(1)(b) Moreover, Defendants argue that there were no contacts with Plaintiff in the State of Florida which relate to Plaintiff's claims concerning libel, slander, fraud and misrepresentation.

The Court will first address the question of whether Plaintiff has sufficiently supported his jurisdictional foundation with respect to the alleged intentional interference of Plaintiff's inheritance. In *Prentice*, 779 F.Supp. at 586, the Court stated that upon recognition of the affidavits and legal memoranda submitted by Defendants, the burden shifts to Plaintiff to support his foundation for jurisdictional allegations in the complaint. Here, Plaintiff has failed to meet this burden with respect to his claims of intentional interference with Plaintiff's inheritance, fraud, and misrepresentation. Within Plaintiff's affidavit and memorandum opposing the Fed. R.Civ.P. 12(c) Motion, Plaintiff failed to address or refute Defendant's assertion that the alleged intentional interferences occurred prior to the time when Plaintiff became a Florida resident.[2] Plaintiff only mentions the time at which he became cognizant of these documents. Furthermore, Plaintiff's Complaint asserts that the fraud and misrepresentation regarding Plaintiff's inheritance occurred on July 24, 1992, ostensibly the same time Plaintiff was a resident of New York.

Although Plaintiff failed to support his foundation for jurisdictional allegations, the Court notes Plaintiff's memorandum provid-

---

**2.** Pursuant to *Florida Statutes* § 48.193(1)(b), personal jurisdiction exists where a person "commit[s] a tortious act within this state." The

Plaintiff never asserted that these transactions occurred subsequent to his relocation in Florida.

ing that Plaintiff could "file an amended complaint setting out the facts supporting personal jurisdiction as set out in its affidavit." Yet, Plaintiff has not sought leave to file an Amended Complaint and, therefore, does not adequately support his foundation for personal jurisdiction regarding these claims. Turning to Plaintiff's affidavit, nothing within this statement refutes Defendants' claim that any interference necessarily occurred before Plaintiff became a Florida resident. If Plaintiff had filed an amended complaint sufficiently alleging specific facts that a continuing tort occurred after Plaintiff moved to Florida, this Court may have asserted personal jurisdiction over Defendants. *See generally, Watts v. Haun,* 393 So.2d 54, 56 (Fla.2d Dist.Ct.App.1981) (stating a complaint should be sufficiently broad to afford an inference that a tort occurred in Florida); *see also Phillips v. Orange Co.,* 522 So.2d 64 (Fla.2d Dist.Ct.App.1988) (holding the occurrence of injury alone in a forum state does not satisfy Fla.Stat. § 48.193(1)(b)).

In *Watts,* 393 So.2d 54, Plaintiff, Mrs. Haun, sued for wrongful interference with an expected gift. The complaint alleged that the grantor/decedent was in a deteriorating physical state and unable to fully understand his acts. Due to this physical condition, Mrs. Haun asserted that Defendant, Mrs. Watts, intentionally conspired to thwart an execution of an inter vivos gift benefitting Mrs. Haun. Although most of Mrs. Watts' alleged tortious interference occurred outside the State of Florida, the court afforded personal jurisdiction where Mrs. Watts traveled to Florida to keep the grantor/decedent from living with Mrs. Haun.

The *Watts* case is readily distinguishable from the one at bar. Here, Defendants never traveled into Florida to consummate any part of their alleged tortious activity. The *Watts* court noted that the Mrs. Watts' travel into Florida was absolutely essential to the success of the tort that Mrs. Watts travel to Florida. The *Watts* court held that the complaint sufficiently provided that a "substantial" part of the alleged tort occurred in Florida, and was sufficient to subject Mrs. Watts to personal jurisdiction. Here, however, Plaintiff fails to allege or establish any acts providing a "substantial" part of the alleged tort occurred in Florida.

The question, then, is whether Plaintiff has met his burden to affirmatively show the existence of libel and slander after his relocation to Florida, and whether these alleged statements constitute a tort committed within Florida under *Fla.Stat.* § 48.193. Again, Plaintiff has failed to set forth specific facts indicating Defendants' tortious conduct within Florida.

In Plaintiff's Memorandum in Opposition to Defendant's motion, Plaintiff asserted that he would file an "amended complaint setting out the facts supporting personal jurisdiction as set out in its affidavit ... includ[ing] telephone calls and facsimile transmissions ...;" however, Plaintiff has failed to file a motion for an amended complaint. Therefore, this Court is compelled to restrict its findings to the allegations of jurisdiction within Plaintiff's complaint, affidavit, and memorandum.

Plaintiff briefly discusses two cases to support his foundation for personal jurisdiction with respect to libel, slander, and defamation. Plaintiff correctly notes that in *Green v. USF & G Corp.,* 772 F.Supp. 1258 (S.D.Fla.1991), the Court permitted personal jurisdiction over a non-resident Defendant who made a slanderous statement against the Florida Plaintiff. However, the *Green* Court required more than a mere slanderous statement. The Court stated that the publication of the defaming words to a third party in Florida brought the action within the ambit of the Florida Long-Arm Statute. Similarly, other courts have required an act furthering the defamatory conduct to bring the action within the reach of the statute. *See Stepanian v. Addis,* 782 F.2d 902 (11th Cir.1986) (noting the defamatory material was circulated within Florida); *Madera v. Hall,* 717 F.Supp. 812 (S.D.Fla.1989) (holding personal jurisdiction is present where allegedly false material was circulated within Florida), *aff'd in part and vacated on other grounds,* 916 F.2d 1510 (11th Cir.1990).

Plaintiff also asserts *Carida v. Holy Cross Hospital,* 424 So.2d 849 (Fla. 4th Dist.Ct. App.1982), for the proposition that defamation by phone calls is sufficient to support a foundation for personal jurisdiction. This, however, was not the court's entire reason

for finding personal jurisdiction. Like the courts in *Stepanian* and *Madera*, the *Carida* court required an act furthering the defamatory conduct. The court noted that the alleged false statements were published to other individuals within Florida. Moreover, the court noted that Plaintiff's complaint sufficiently alleged the defamatory conduct was circulated to specific third party individuals.

Here, Plaintiff has not manifested any specific allegation of Defendants publishing any defamatory remarks to any third party within Florida. Again, Plaintiff asserts that he could publish specific facts in an amended complaint, yet Plaintiff has not filed a motion to amend this pleading. If Plaintiff had demonstrated acts in furtherance of the alleged defamatory conduct, consistent with the aforementioned cases, this Court would have sustained personal jurisdiction if the facts also comported with due process.

### (B) DUE PROCESS

■ Even if this Court could properly exercise jurisdiction pursuant to Florida's Long–Arm Statute, there are insufficient contacts alleged in Plaintiff's complaint, memorandum, and supporting affidavit, to comport with the traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The due process clause protects an individual's liberty interest from being bound by forum judgments with which the individual has no meaningful ties, relations, or contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72, 105 S.Ct. 2174, 2181–82, 85 L.Ed.2d 528 (1985). The question of due process requires a two pronged test. First, the Court should address whether Defendants established minimum contacts with Florida. Second, the Court must determine whether the exercise of personal jurisdiction over Defendants comport with traditional notions of fair play and substantial justice. *Madara*, 916 F.2d at 1516.

■ Other relevant factors the Court should consider include the burden upon Defendants, Florida's interest in adjudicating

the dispute, Plaintiff's interest in obtaining effective and convenient relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interests of the several states in furthering substantive social policies. *Burger King*, 471 U.S. at 477, 105 S.Ct. at 2184. Here Defendants would be greatly burdened if they were made to travel to Florida to defend this action. Defendants have never engaged in any business related activity, and there is insufficient evidence to show affirmative tortious activity within Florida. Moreover, Florida does not have a special interest in adjudicating this dispute, especially where considerations of comity exist.[3] Furthermore, declining to exercise jurisdiction would not harm Plaintiff's interests as he could take action in New York. Therefore, given Defendants' alleged tortious activities as vaguely described by Plaintiff in his memorandum and supporting affidavit, this Court declines to assert personal jurisdiction.

### (C) DEFENDANTS' OTHER DEFENSES

This Court does not reach Defendants' other defenses within its Fed.R.Civ.P. 12(c) Motion. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss the Complaint for want of personal jurisdiction be **GRANTED**. Accordingly, the Complaint is **dismissed**, and the Clerk of Court shall enter a final judgment of dismissal.

**DONE and ORDERED.**

---

**3.** Defendants assert that this Court should abstain from imputing diversity jurisdiction where the subject matter of the dispute is a New York probate proceeding.