721 So.2d 358 (1998)
WALTER LORENZ SURGICAL, INC., Appellant,
v.
Michael D. TEAGUE, an individual, Michael T. Greene, an individual, Jeffery E. Ashby, an individual, KLS-Martin, Inc., a foreign corporation, as general partner of KLS-Martin, L.P., a Delaware Limited Partnership, Karl A. Leibinger, an individual, and Karl Leibinger Medizintechnik.GmbH & Co., KG, a foreign corporation, Appellees.
No. 98-900.
District Court of Appeal of Florida, First District.
October 23, 1998.
Rehearing Denied December 4, 1998.
*359 Thomas M. Baumer, Steven E. Brust and Rebecca B. Creed of Baumer, Bradford & Walters, P.A., Jacksonville, for Appellant.
Gregory F. Lunny, Betsy Cox Mahin and Adrian Rust of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for Appellee Karl A. Leibinger.
No appearance for remaining appellees.
PER CURIAM.
This is an appeal from an order granting appellee Karl A. Leibinger's motion to dismiss for lack of personal jurisdiction. Appellant, Walter Lorenz Surgical, Inc. ("Lorenz"), contends that the trial court erred in requiring Lorenz to prove that Leibinger actually committed the tort of civil conspiracy in Florida. We agree and reverse and remand.
Lorenz filed a civil action against Leibinger and others charging them with, inter alia, wrongfully misappropriating trade secrets and other confidential information; intentionally interfering with Lorenz's advantageous business relationships with its customers, sales staff and advisory board; intentionally interfering with Lorenz's advantageous business relationship with a major supplier; and breaching their common-law duties of loyalty to Lorenz. Leibinger filed a motion to dismiss the complaint, alleging the court's lack of personal jurisdiction over him. The lower court granted the motion to dismiss, and relying on section 48.193(1)(b), Florida Statutes (1993),[1] concluded that
[o]nce Leibinger filed his affidavit contesting the validity of the complaint's allegations concerning jurisdiction, the burden of proof shifted to Lorenz to demonstrate by a preponderance of the evidence that Leibinger had in fact committed the tort of civil conspiracy within Florida and was therefore subject to this Court's long-arm jurisdiction pursuant to Section 48.193(1)(b)[.]
(Emphasis added.)
We agree with appellant that the court applied an incorrect burden to Lorenz in granting the motion to dismiss. The court's sole inquiry and determination should have been whether the tort as alleged occurred in Florida, and not whether the alleged tort actually occurred. In Watts v. Haun, 393 So.2d 54 (Fla. 2d DCA 1981), the court concluded that the allegations in the complaint sufficiently made a claim for the tort of wrongful interference with an expected gift. "The more difficult question is whether Mrs. Watts committed the alleged tort in Florida." Id. at 56 (emphasis added). After analyzing the allegations, the court decided that the complaint sufficiently alleged that Mrs. Watts had "committed a substantial aspect of the alleged tort in Florida," because the activities that were alleged to have occurred in Florida were "essential to the success of the tort." Id. (emphasis added). Accord Williams Elec. Co. v. Honeywell, Inc., 854 F.2d 389, 394 (11th Cir.1988). See also Musiker v. Projectavision, Inc., 960 F.Supp. 292, *360 296 (S.D.Fla.1997) (under section 48.193(1)(b), the plaintiff must demonstrate that the defendants "`committed a substantial aspect of the alleged tort in Florida'") (emphasis added); Rebozo v. Washington Post Co., 515 F.2d 1208, 1211 (5th Cir.1975) ("the libel if proved, would for purposes of the Florida long arm statute constitute the commission of a tortious act in the forum") (emphasis added).
Because the trial court required Walter Lorenz to prove that Leibinger had in fact committed the tort of civil conspiracy, the case is remanded for the court to determine only whether there is evidence that acts constituting the tort as alleged occurred within this state. In other words, following Watts v. Haun, the trial court should decide first, whether Leibinger has engaged in acts or omissions that injured Lorenz in Florida, and, second, whether Lorenz stated a cause of action in tort arising in substantial part from such acts or omissions. See, e.g., Allerton v. Department of Ins., 635 So.2d 36 (Fla. 1st DCA 1994) (commission of a tort for purposes of long-arm jurisdiction does not require physical entry into the state, but only that Florida be the place of injury). Accord Koch v. Kimball, 710 So.2d 5 (Fla. 2d DCA 1998); Silver v. Levinson, 648 So.2d 240 (Fla. 4th DCA 1994).
REVERSED and REMANDED.
ERVIN, MINER and KAHN, JJ., concur.
NOTES
[1] Section 48.193(b) provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * * * *
(b) Committing a tortious act within this state.