SALCINES, Judge.
Meuers & Associates, P.A and Meuers, Dressier & Kerr, LLP, (“M & A”) appeal the trial court’s order dismissing the amended complaint against Sue C. Heger, individually, and d/b/a Heger Organic Farm Sales, Joe Heger Farms and Joe Heger Organic Farms (hereinafter “He-ger”). We reverse and remand for further proceedings.
In its complaint, M & A alleged that Heger breached a representation agreement by failing to pay amounts due to M & A for legal services provided on her behalf. Heger filed a motion to dismiss for lack of personal jurisdiction. M & A filed a response with the affidavit of Lawrence Meuers, E’sq., in opposition to the motion. In order to demonstrate that jurisdiction was vested in the trial court, Mr. Meuers stated that the
legal services were performed in Collier County, Florida with payments due from and partial payments made by Heger to [M & A] in Collier County, Florida.... While [M & A] had retained California counsel on behalf of Heger to assist in the filing of the pleadings and documents, all of the legal services performed by [M & A] on behalf of Heger *4 were performed in Collier County, Florida. All communication by Heger to [M & A] was from and to Collier County, Florida.
At the hearing. on the motion, Heger presented the affidavit of Michael Keaton, Esq., in which he stated that Heger was a California resident and engaged in no business in Florida. Further, “[a]ll legal activity in the case for which [M & A] seeks its fees in this action was performed outside the state of Florida and in the state of California.”
There are two essential components to determine personal jurisdiction of a non-resident defendant. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). On appeal, Heger does not challenge the fact that M & A met the first requirement — a demonstration of long-arm jurisdiction. However, she does argue that the second requirement, minimum contacts, were not satisfied by M & A’s pleadings or by the affidavit filed in contravention to the motion to dismiss.
The minimum contacts requirements for personal jurisdiction were set forth in the affidavit of Mr. Meuers. See Industrial Cas. Ins. Co. v. Consultant Assocs., Inc., 603 So.2d 1355, 1356 (Fla. 3d DCA 1992); Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 676 (Fla, 5th DCA 1987). The statement in the affidavit of Mr. Keaton that no services were performed in Florida, however, directly conflicted with that of Mr. Meuers.
When the affidavits of the parties, although conflicting, can be harmonized, the court may make a decision based upon facts which are essentially undisputed. However, when the affidavits are in direct conflict, the trial court must hold a limited evidentiary hearing to resolve the conflict in order to determine the jurisdictional issue. See Venetian Salami, 554 So.2d at 503; Bellairs v. Mohrmann, 716 So.2d 320, 322 (Fla. 2d DCA 1998). Since the conflict between the affidavits could not be harmonized, the trial court erred when it granted the motion to dismiss without conducting a limited evidentiary hearing.
Accordingly, the trial court’s order dismissing the amended complaint is reversed. This matter is remanded for the trial court to conduct an evidentiary hearing to determine if personal jurisdiction has attached.
Reversed and remanded.
NORTHCUTT, A.C.J., and CASANUEVA, J., Concur.