778 So.2d 1034 (2001)
Martin ACQUADRO, M.D., and Rose Acquadro, Appellants,
v.
Janet BERGERON, Bonnie Towing & Recovery, Inc., James R. Bonnie, Paul M. Williams, Catherine Bonnie, and Roy A. Wood, Appellees.
No. 4D00-2011.
District Court of Appeal of Florida, Fourth District.
February 7, 2001.
Rehearing Denied March 19, 2001.
*1035 Donna M. Greenspan of Edwards & Angell, LLP, Palm Beach, for appellants.
Robert Rivas of The Rivas Law Firm, Tallahassee, for Appellee Janet Bergeron.
KLEIN, J.
Appellant defendants, who are residents of Massachusetts, appeal an order denying their motion to dismiss for lack of personal jurisdiction. We affirm.
Plaintiffs' complaint alleges, among other things, that the appellants, while in Massachusetts, engaged in telephone conversations with persons in Florida, in which one of the appellants defamed plaintiff and both made statements which were the basis of claims for false arrest and malicious prosecution. Personal jurisdiction was alleged under section 48.193(1)(b), Florida Statutes (1999), which subjects a non-resident who commits a tortious act within Florida to the jurisdiction of the Florida courts.
Defendants filed affidavits in support of their motion to dismiss for lack of personal jurisdiction, in which they denied making the statements which were the basis of the tort claims, but did not deny their involvement in the telephone conversations with persons in Florida.
Defendants argue that plaintiffs' failure to refute their affidavits denying the tortious conduct required the trial court to grant their motion to dismiss for lack of personal jurisdiction. We disagree. The purpose of affidavits in these circumstances is "to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts." Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). Where the affidavits are in conflict, the trial court holds a "limited evidentiary hearing in order to determine the jurisdiction issue." Id. at 503.
In the present case the trial court did hold an evidentiary hearing, but the purpose was not, as the court correctly recognized, to resolve whether the defendants had committed the torts. That would have required a full-blown trial, not the limited evidentiary hearing contemplated by Venetian Salami.
Because the defendants' affidavits did not deny that the telephone communication, which was the basis of personal jurisdiction, had occurred, the trial court correctly denied the motion to dismiss. Carida v. Holy Cross Hosp., Inc., 424 So.2d 849 (Fla. 4th DCA 1982)(committing defamation by telephone call into Florida constituted the commission of a tort in Florida and subjected defendant to personal jurisdiction); Silver v. Levinson, 648 So.2d 240 (Fla. 4th DCA 1994)(same). Affirmed.
GROSS and HAZOURI, JJ., concur.