834 So.2d 362 (2003)
OSI INDUSTRIES, INC., etc., et al., Appellants,
v.
Thomas C. CARTER, Appellee.
No. 5D02-1559.
District Court of Appeal of Florida, Fifth District.
January 10, 2003.
*363 I. William Spivey, II, of Greenberg Traurig, P.A., Orlando, and Elliot H. Scherker and Brenda K. Supple, of Greenberg Traurig, P.A., Miami, for Appellants.
M. Gary Toole, John R. Reid and Sharon Lee Stedman, of Cabaniss Smith Toole & Wiggins PL, Maitland, for Appellee.
PLEUS, J.
Sheldon Lavin appeals the denial of his motion to dismiss the second amended complaint of Thomas Carter. Lavin argues that the trial court erred in failing to conduct an evidentiary hearing before determining that personal jurisdiction existed. We affirm.
Carter filed a second amended complaint against OSI Industries, OSI Distribution and Lavin, asserting counts of fraudulent misrepresentation and negligent representation against each defendant. This appeal concerns only the counts against Lavin. The complaint alleged the following: Carter is a resident of Orange County, Florida and Lavin is a resident of Highland Park, Illinois. In March 1988, Carter was offered a job as an executive employee of OSI Distribution and OSI Industries. He was promised salary and benefits. In lieu of a traditional pension or retirement plan, he was further promised "shares of OSI Distribution or its successor entity, with a minimum of 6.7 percent equity interest guaranteed and a reasonable share of the profits of that entity" to be provided within a "reasonable time" after beginning employment. In reliance on these assurances, Carter became vice president of OSI Distribution.
The complaint further alleges that:
11. In the spring of 1993, summer of 1994 and October 1994, Carter was again repeatedly assured by representatives of OSI Industries and OSI Distribution, including but not limited to S. Thomas Clements, Sheldon Lavin, Jerry Ford and Paul Klassman that the specified equity interest was secure and would be paid to him if he continued to remain in his executive position with OSI Distribution and OSI Industries. Many of the promises and representations outlined herein were made to Carter while he was located in Florida, and were made either in person or by telephone.
* * *
34. As a principal of OSI Industries and a partner of OSI Distribution, in March 1988, and the spring, summer and fall of 1993, and October 1994, Lavin knowingly and falsely made misrepresentations to Carter throughout his years of employment, without any intent to perform, assuring him that if he accepted and continued in an executive position of employment with OSI Distribution and OSI Industries, he would receive, in lieu of traditional pension or retirement plan, shares of OSI Distribution or its successor entity....

*364 35. In reliance upon Lavin's false representations regarding equity payments, Carter continued in his employment and fully performed all his duties and obligations as an OSI executive employee, with many of said duties being performed in Florida.
* * *
38. The specified equity interest was to be paid to Carter in Florida, and the harm from Lavin's fraudulent misrepresentations has occurred in Florida.[1]
Lavin filed a motion to dismiss contesting personal jurisdiction. In his supporting affidavit, Lavin alleged that:
7. I do not believe I have ever made any false statements or misrepresentations to Plaintiff, either in person or by telephone. During 1988, 1993 and 1994 (the times on which I supposedly made false statements to Plaintiff), Plaintiff, like me, did not work or live in the state of Florida. During 1988, 1993 and 1994, I never had any in person conversation(s) with Plaintiff in the state of Florida, and I am positive I did not make any false statements to him in the state of Florida. To the extent I had any in-person conversations with Plaintiff in 1988, 1993 or 1994, those conversations necessarily took place in Illinois.
8. I do not specifically recall having any telephone conversations with Plaintiff in 1988, 1993 or 1994 while he (Plaintiff) was located in Florida and I was located somewhere else. While it is possible that such telephone conversations took place, I do not recall them; to the extent there were any such telephone conversations, they were necessarily very limited in nature (in terms of the number, duration and substance of any such telephone conversations). If I had any significant degree of telephonic contact with Plaintiff in 1988, 1993 or 1994, I would in all likelihood recall those conversations. Even assuming I had telephone conversations with Plaintiff in 1988, 1993 or 1994, I do not think those conversations were sufficiently numerous or substantive to force me (in my individual capacity) to defend a lawsuit in the state of Florida.
In response, Carter filed affidavits, which included the following allegations:
3. One of these misrepresentations was made by Sheldon Lavin directly to me by telephone while I was located in Florida. This event occurred in October 1994. Mr. Lavin called my office, and during this telephone conversation, he assured me that I would be provided the specified equity interests in OSI Distribution, L.P., or its successor entity.
At the hearing on Lavin's motion to dismiss, the trial court heard argument from both sides and denied the motion without an evidentiary hearing. As grounds, the court stated in pertinent part:
Plaintiff also asserts that long-arm jurisdiction over Lavin is appropriate pursuant to Section 48.193(1)(b), which states that a person is subject to the jurisdiction of Florida's courts if the person commits a tort in Florida. See § 48.193(1)(b), Fla. Stat. (2002). Plaintiff argues that Lavin's telephone call to Plaintiff in Florida wherein Lavin allegedly fraudulently represented that Plaintiff would receive an equity interest in OSI Distribution constitutes a tort committed within Florida. Lavin states in his affidavit that he did not make any misrepresentations to Plaintiff, but it is possible he called Plaintiff while Plaintiff was in Florida. As the affidavits can be harmonized, this Court need not hold an *365 evidentiary hearing pursuant to Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). See Meuers & Assoc., P.A. v. Heger, 752 So.2d 3, 4 (Fla. 2d DCA 2000) (when affidavits are conflicting but can be harmonized, court may make decision based on undisputed facts without holding an evidentiary hearing).
In Acquadro v. Bergeron, 778 So.2d 1034 (Fla. 4th DCA 2001), review granted, 797 So.2d 584 (Fla. Oct.1, 2001), [sic] the complaint alleged that the defendants, Massachusetts residents, committed a tortious act in Florida by calling people within Florida and stating defamatory remarks about the plaintiff. The defendants moved to dismiss for lack of personal jurisdiction, and filed supporting affidavits denying that they made defamatory statements, but not denying that they made the telephone calls to Florida. Id. at 1035. The appellate court held: "Because the defendants' affidavits did not deny that the telephone communication, which was the basis of personal jurisdiction, had occurred, the trial court correctly denied the motion to dismiss." Id.
Just as in Acquadro, although Lavin states in his affidavit that he denies that he made any misrepresentations to Plaintiff, Lavin does not deny that he may have called Plaintiff in Florida. As it is the telephone conversation that is the asserted basis of jurisdiction under Section 48.193(1)(b), and Lavin does not deny that he called Plaintiff in Florida, pursuant to Acquadro, this Court has long-arm jurisdiction over Lavin.
The second step of the inquiry, that sufficient minimum contacts between Lavin and Florida exist so that personal jurisdiction over Lavin satisfies the requirements of due process, is also met in this case. In determining this issue, the court must decide "whether [defendant] `should reasonably have anticipated being haled into court' in Florida." Koch v. Kimball, 710 So.2d 5, 7 (Fla. 2d DCA 1998). In Koch, a Georgia resident had sufficient minimum contacts with Florida to satisfy the due process requirements in an action against her for secretly taping a telephone conversation between her (while she was in Georgia) and the plaintiff (while he was in Florida). Id. at 7. The appellate court found minimum contacts with Florida existed where the defendant expressly called "Florida with the knowledge that the only impact of her action would be in Florida, [therefore] we conclude that [defendant's] actions were not the random, fortuitous or attenuated actions that courts seek to avoid pinning jurisdiction upon." Id.

In this case, Plaintiff asserts in his affidavit that Lavin called him in Florida and made misrepresentations regarding a promised equity interested in OSI Distribution. By calling Plaintiff in Florida, Lavin knew that his alleged misrepresentations would impact Plaintiff in Florida. Lavin knew Plaintiff worked in Florida, and thus Lavin should have realized that Plaintiff's reliance on alleged misrepresentations regarding retirement or pension plans would injure Plaintiff in Florida. Therefore, pursuant to Koch, sufficient minimum contacts exist between Lavin and Florida such that the requirements of due process are satisfied.
Lavin timely appealed this order.

Standard of Review
An appellate court must conduct a de novo review of a trial court's ruling on a motion to dismiss for lack of personal jurisdiction. Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002).

*366 Arguments
Lavin argues that the trial court erred in denying his motion to dismiss without conducting an evidentiary hearing because the opposing affidavits could not be harmonized regarding the facts pertaining to personal jurisdiction. Specifically, Lavin acknowledges that he cannot deny Carter's allegations that he had at least one telephone conversation with Carter in Florida, but denies that he made any misrepresentations in that conversation. Because the affidavits cannot be harmonized regarding the content of the telephone conversation, Lavin argues that the trial court erred in failing to conduct an evidentiary hearing.
Carter argues preliminarily that Lavin either failed to preserve or invited any alleged error by failing to request an evidentiary hearing and by telling the trial court that such a hearing would probably not produce anything different than what was contained in the affidavits. We have reviewed the record and find this argument to be without merit.
On the merits, Carter argues that under existing case law, the lower court is not required to determine whether a tort actually occurred, but only whether the tort as alleged occurred in Florida. Under that standard, the trial court properly harmonized the affidavits on the issue of whether the phone conversations occurred and concluded that torts (intentional and negligent misrepresentation) as alleged occurred during the phone call to Carter in Florida. Thus, there was no need for an evidentiary hearing.

Analysis
Florida has a two step inquiry for determining whether there is long-arm jurisdiction over a nonresident defendant in Florida. First, the court must determine whether the plaintiff's complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the long-arm statute. Second, it must determine whether there are sufficient minimum contacts between the defendant and Florida to satisfy the Fourteenth Amendment's due process requirements. Wendt, 822 So.2d at 1257.
If the defendant challenges jurisdiction by filing a motion to dismiss, either for lack of compliance with the statute or based upon insufficient minimum contacts, the defendant must file affidavits in support of that position, which places the burden upon the plaintiff to show by affidavit the basis for jurisdiction. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). If the affidavits can be harmonized, the court may decide the issue without an evidentiary hearing. Id. If the affidavits cannot be reconciled to enable the trial court to decide the issue on undisputed facts, then a limited evidentiary hearing is necessary to determine the jurisdiction issue. Id. at 503.
Carter alleges a statutory basis for jurisdiction under section 48.193(1)(b), Florida Statutes, which states:
(1)Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * *
(b)Committing a tortious act within this state.
(Emphasis added). Our supreme court recently held that committing a tort under this subsection does not require physical presence in the state. Rather, a tort may occur through the nonresident defendant's *367 telephonic, electronic, or written communications into Florida. Wendt, 822 So.2d at 1260. However, the cause of action must arise from the communications. Id.
In the instant case, Carter's complaint and affidavits sufficiently allege that Lavin committed a tortious act within this state during a telephone conversation in October 1994 in which Lavin intentionally or negligently misrepresented that Carter would receive an equity interest in OSI Distribution. In reliance on that promise, Carter continued to perform his duties until he was fired in 1998, without ever receiving the equity interest. Lavin's affidavits did not deny the possibility that such conversations took place. Instead, he did not recall any such conversations. Lavin did deny making any misrepresentations to Carter at any time, on the phone or in person. The trial court found that these affidavits could be harmonized and denied the motion to dismiss.
The determinative issue for this court is whether Carter was required to prove that the tort, as alleged, occurred in Florida, or whether he was required to also prove that the tort actually occurred. The trial court relied on Acquadro v. Bergeron, 778 So.2d 1034 (Fla. 4th DCA) rev. granted, 797 So.2d 584 (Fla.2001), which is factually similar to the instant case. In Acquadro, the complaint alleged that defendants, while in Massachusetts, engaged in telephone conversations with persons in Florida in which they defamed plaintiff and made statements which were the basis of claims for false arrest and malicious prosecution. The defendants filed affidavits in which they denied making the statements but did not deny their involvement in the telephone conversations. After an evidentiary hearing, the trial court denied the motion to dismiss. The Fourth District Court of Appeal affirmed, holding that:
Because the defendants' affidavits did not deny that the telephone communication, which was the basis of personal jurisdiction, had occurred, the trial court correctly denied the motion to dismiss.
Id. at 1035.
Lavin argues that Acquadro was "implicitly overruled" by Wendt, which he claims requires the trial court to determine "whether the alleged tortious act occurred." As Carter notes, this argument misses the mark. Lavin's argument overstates the holding in Wendt, which was:
the threshold question that must be determined is whether the allegations of the complaint state a cause of action. If the complaint does state a cause of action, then it must be determined whether the alleged cause of action arises from these communications.
Wendt, 822 So.2d at 1260 (citations omitted).
More important, however, is the fact that Acquadro is procedurally distinguishable from the instant case. Because the trial court in Acquadro conducted an evidentiary hearing, the appellate decision does not answer the question of whether an evidentiary hearing was required in this case.
The answer to the question on appeal lies not in Acquadro, but in Walter Lorenz Surgical, Inc. v. Teague, 721 So.2d 358 (Fla. 1st DCA 1998). In Teague, the complaint alleged various torts against the defendants. One defendant filed a motion to dismiss with a supporting affidavit attacking personal jurisdiction. The trial court granted the motion, concluding that once the defendant filed an affidavit contesting personal jurisdiction,
the burden of proof shifted to [the plaintiff] to demonstrate by a preponderance of the evidence that [the defendant] had in fact committed the tort of civil conspiracy *368 within Florida and was therefore subject to this Court's long-arm jurisdiction pursuant to Section 48.193(1)(b)[.]
Id. at 359 (emphasis supplied). The First District Court of Appeal reversed, stating
We agree with appellant that the court applied an incorrect burden to [the plaintiff] in granting the motion to dismiss. The court's sole inquiry and determination should have been whether the tort as alleged occurred in Florida, and not whether the alleged tort actually occurred.

Id. (emphasis supplied).
Based on Teague, we find that the trial court correctly harmonized the affidavits and denied the motion to dismiss. On the issue of whether the tort, as alleged, occurred in Florida, Carter's affidavits alleged that it did in the form of a telephone conversation. Lavin's affidavit did not deny the possibility that the telephone conversation occurred. Thus, the affidavits could be harmonized on the issue of whether the tort, as alleged, occurred in Florida. It was not necessary to harmonize the affidavits or conduct an evidentiary hearing on the issue of whether the tortious statements were actually made. Teague at 359. Accordingly, the trial court's analysis on the statutory basis for personal jurisdiction was correct.
On the constitutional prong, although Lavin does not concede the issue of minimum contacts, he does not raise any appellate argument against the trial court's determination that minimum contacts existed. The court relied on Koch v. Kimball, 710 So.2d 5 (Fla. 2d DCA 1998), which held that minimum contacts existed where the
defendant expressly called Florida with the knowledge that the only impact of her action would be in Florida, [therefore] we conclude that [defendant's] actions were not the random, fortuitous, or attenuated actions that courts seek to avoid pinning jurisdiction upon.
Id. at 7. The court in the instant case found that
by calling Plaintiff in Florida, Lavin knew that his alleged misrepresentations would impact Plaintiff in Florida. Lavin knew Plaintiff worked in Florida, and thus Lavin should have realized that Plaintiff's reliance on alleged misrepresentations regarding retirement or pension plans would injure Plaintiff in Florida.
We find that the trial court was correct in concluding that sufficient minimum contacts existed.
AFFIRMED.
PETERSON, J., and COBB, W., Senior Judge, concur.
NOTES
[1] Similar allegations were made regarding negligent misrepresentation.