953 So.2d 606 (2007)
Roger THORPE, Christine Thorpe, et al., Appellants,
v.
Matthew GELBWAKS, et al., Appellees.
No. 5D06-2950.
District Court of Appeal of Florida, Fifth District.
March 16, 2007.
Rehearing Denied April 18, 2007.
*608 Eric A. Lanigan, Winter Park, for Appellant.
Matt G. Firestone of Pohl & Short, P.A., Winter Park, for Appellee.
EVANDER, J.
The plaintiffs below (hereinafter referred to as the "Thorpes") appeal from an order granting Matthew Gelbwaks' motion to dismiss for lack of personal jurisdiction. We have jurisdiction.[1] We find the trial court erred in granting Gelbwaks' motion to dismiss, and accordingly, we reverse.
In March 2006, the Thorpes filed their second amended complaint against Keith Albrizzi, Claudine Andrews, Lawrence Haber and Gelbwaks for violation of the Sale of Business Opportunities Act,[2] violation of the Florida Deceptive and Unfair Trade Practices Act,[3] fraudulent practices,[4] and common law fraud. The defendants were alleged to be the stockholders of Relay Transportation, Inc. (hereinafter "Relay"). The Thorpes alleged they paid $50,000 to purchase a franchise[5] from Relay.
Among other things, the Thorpes alleged the defendants misrepresented Relay's financial condition, misrepresented the franchise's expected sales and profits, and failed to make certain legally required disclosures. But for this alleged misconduct by the defendants, the Thorpes claim they would not have purchased the franchise from Relay. The Thorpes further alleged that notwithstanding their best efforts, the franchise was a complete failure. The franchise was located in Winter Park, Florida.
Gelbwaks moved to dismiss for lack of personal jurisdiction on the grounds the second amended complaint failed to allege sufficient facts to obtain jurisdiction over him under Florida's long-arm statute and failed to allege sufficient minimum contacts between Gelbwaks and the State of Florida.
In his supporting affidavit, Gelbwaks averred, inter alia, that he was a New Hampshire resident and had never been a resident of Florida. He denied all allegations of wrongdoing.
In response, the Thorpes argued Gelbwaks was subject to Florida's jurisdiction because they had sufficiently alleged Gelbwaks had committed tortious acts within the state. § 48.193(1)(b), Fla. Stat. (2003).[6]
The Thorpes also filed an affidavit of a former Relay employee, Robert Gregg. Gregg averred that during the relevant time periods (May 2003September 2003), Gelbwaks was Relay's Vice-President of Franchise Operations and was "actively *609 involved on a daily basis in the development of the documents and procedures to be used in the marketing and sale of [Relay] franchises and in the development of financial spreadsheets and other documents being developed for the franchise sale to [the Thorpes]." Gregg further averred that during this time period, Gelbwaks would regularly stay in an apartment in Florida during the work week.
In its order granting Gelbwaks' motion to dismiss, the trial court found Gelbwaks' affidavit had shifted to the Thorpes the burden of proving that Gelbwaks had committed a tortious act in Florida. The court further found that Gregg's affidavit did not refute Gelbwaks' sworn denials of any wrongdoing. Accordingly, the trial court concluded the Thorpes had not established a basis for jurisdiction over Gelbwaks under Florida's long-arm statute.
The trial court's analysis was incorrect.[7] The trial court's focus should have been on whether the tort, as alleged, occurred in Florida, and not whether the Thorpes proved that Gelbwaks had actually committed a tort in Florida. OSI Indus., Inc. v. Carter, 834 So.2d 362, 367-68 (Fla. 5th DCA 2003); see also Machtinger v. Inertial Airline Servs., Inc., 937 So.2d 730 (Fla. 3d DCA 2006); Walter Lorenz Surgical, Inc. v. Teague, 721 So.2d 358 (Fla. 1st DCA 1998), rev. denied, 731 So.2d 650 (Fla.1999).
The Florida Supreme Court has articulated a two-step inquiry for determining whether long-arm jurisdiction over a nonresident defendant in a given case is proper. First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm jurisdiction statute. If so, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). A court can exercise personal jurisdiction only if the nonresident defendant maintains certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Id. at 502.
Initially, a plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute without pleading the supporting facts. Id. at 502 A defendant contesting personal jurisdiction must file a motion to dismiss. By itself, the filing of a motion to dismiss does nothing more than raise the legal sufficiency of the pleadings. To contest the jurisdictional allegations of the complaint or to raise a contention of minimum contacts, the defendant must file affidavits in support of his position. The burden is then shifted to the plaintiff to prove, by affidavit, the basis upon which jurisdiction may be obtained. Id. at 502.
If the facts relating to personal jurisdiction, as set forth in the affidavits of the plaintiff and defendant, can be harmonized, the court may decide the issue without an evidentiary hearing. If the affidavits cannot be reconciled to enable the trial court to decide the issue on undisputed facts, then a limited evidentiary hearing is necessary to determine the jurisdictional issue. Id. at 503; see also XL Vision, LLC. v. Holloway, 856 So.2d 1063, 1066 (Fla. 5th DCA 2003) (limited evidentiary hearing is required "[w]hen the facts relating to personal jurisdiction are in dispute.") (emphasis added).
*610 In the present case, Gelbwaks filed an affidavit that provided, in relevant part, as follows:
4. That he has read the allegations of the Second Amended Complaint filed herein and states that the following allegations are untrue:
a. any allegation that he was involved in the omission of, or concealing of, required disclosures to the Plaintiffs concerning the franchise described in the Second Amended Complaint;
b. any allegation that he was involved in any alleged failure by any of the other defendants to provide any required disclosures;
c. any allegation that he was involved in any affirmative misrepresentations allegedly made by any of the other Defendants;
d. any allegation, to the extent one has been made, that he was involved in any affirmative misrepresentations made to the Plaintiffs;
e. any allegation that he was involved in the omission of, or concealing of, any material facts relating to the franchise sold to [the Thorpes].
* * *
10. That he was never involved in any negotiations between [Relay] and the Plaintiffs concerning the business venture which is the subject of the Second Amended Complaint.
11. That he was not involved, either while present in Florida, or while in another location, in any decision made by the other Defendants to provide financial information to Plaintiffs in advance of the payment of $50,000.00 to [Relay].
Gelbwaks' denials of any wrongdoing, as set forth in paragraph four of his affidavit, constitute mere legal conclusions, not assertions of fact. Acquadro v. Bergeron, 851 So.2d 665, 672-73 (Fla.2003). Therefore, the Thorpes were not required to file an affidavit refuting these conclusionary statements. Id. at 672-73.
In Acquadro, the plaintiff filed a complaint against several defendants for false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. As to nonresident defendant, Dr. Acquadro, the plaintiff alleged the doctor made telephone calls from Massachusetts to police and prosecutors located in Florida, falsely and maliciously accusing plaintiff of committing a crime in Florida. Dr. Acquadro filed a motion to dismiss for lack of personal jurisdiction. In his accompanying affidavit, he denied he made false statements regarding the plaintiff to police and prosecutors. He did not deny that he had provided information regarding the plaintiff to the police and prosecutors. The plaintiff did not file any affidavits in response to Dr. Acquadro's motion. The court found Dr. Acquadro's averments that he had not provided false information to police and prosecutors to constitute legal conclusions rather than assertions of fact. The court concluded that Dr. Acquadro's motion to dismiss was properly denied because Dr. Acquadro had not refuted the jurisdictional allegations encompassed in the plaintiff's malicious prosecution claim.
Similarly, in OSI Industries, the plaintiff alleged the nonresident defendant knowingly made certain misrepresentations to plaintiff to induce plaintiff to continue his employment with a corporation in which the defendant was a principal. In support of his motion to dismiss for lack of personal jurisdiction, the defendant filed an affidavit denying that he had made any misrepresentations to the plaintiff. In his affidavit, the defendant acknowledged that he possibly had telephone conversations *611 with plaintiff while the plaintiff was located in Florida. The plaintiff filed an affidavit averring that the defendant had made misrepresentations to the plaintiff, by telephone, while the plaintiff was located in Florida. This court affirmed the trial court's denial of the defendant's motion to dismiss. We found that no evidentiary hearing was required because the affidavits could be harmonized as to the facts concerning personal jurisdiction. Specifically, the defendant's affidavit did not refute the plaintiff's sworn statement that telephone conversations between plaintiff and defendant regarding the terms of plaintiff's employment had taken place while the plaintiff was situated in Florida.
Gelbwaks' averment that he was not involved in the negotiations between Relay and the Thorpes (paragraph ten of the affidavit) does constitute a factual assertion related to the issue of personal jurisdiction. Gelbwaks' statement that he was not involved in any decision made by the other defendants to provide financial information to the Thorpes in advance of the $50,000 payment (paragraph eleven of the affidavit) is also a factual assertion related to the jurisdictional issue. However, these assertions are insufficient to negate the allegations of the second amended complaint that Gelbwaks participated in the preparation of knowingly false financial spreadsheets and other documents. These assertions also fail to negate the Thorpes' allegation that Gelbwaks participated in the decision to knowingly refuse to make certain required disclosures to the Thorpes in connection with the sale of the franchise.
Robert Gregg's affidavit also supports the conclusion that Gelbwaks' motion to dismiss should have been denied. Gregg averred that he worked with Gelbwaks at Relay during the relevant time period. As previously noted, Gregg stated Gelbwaks was actively involved in the development of the financial spreadsheets and other documents related to the sale of the franchise to the Thorpes. In their second amended complaint, the Thorpes alleged these documents contained misrepresentations which were part of the basis of the Thorpes' various claims.
The trial court applied an incorrect burden to the Thorpes by requiring proof that Gelbwaks had, in fact, committed a tort in Florida. OSI Indus., 834 So.2d at 367-68. The second amended complaint sufficiently alleged Gelbwaks had committed tortious acts in the state of Florida. Gelbwaks' affidavit did not sufficiently refute the Thorpes' allegations relating to personal jurisdiction. Thus, the Thorpes satisfied the statutory prong of the two-step test enunciated in Venetian Salami.
We further find the Thorpes satisfied Venetian Salami's constitutional prong by demonstrating Gelbwaks had sufficient minimum contacts with Florida to satisfy due process requirements. Gelbwaks did not refute the statements set forth in Gregg's affidavit that he regularly worked in the State of Florida from May-September 2003, and was involved in the development of the financial spreadsheets and other documents related to the sale of a franchise, located in Florida, to the Thorpes. Clearly, these facts would support the conclusion that Gelbwaks could "reasonably anticipate being haled into a Florida court" on claims related to this transaction. Machtinger, 937 So.2d at 736.
Finally, Gelbwaks argues the trial court's decision can be affirmed based on the corporate shield doctrine. We reject this argument. The corporate shield doctrine does not protect a corporate officer who commits fraudulent or other intentional misconduct, as alleged here. Doe v. *612 Thompson, 620 So.2d 1004, 1006 n. 1 (Fla. 1993); see also XL Vision, LLC.
REVERSED and REMANDED.
PLEUS, C.J. and SAWAYA, J., concur.
NOTES
[1] Fla. R.App. P. 9.130(a)(3)(C)(i) ("Appeals to the district courts of appeal of non-final orders are limited to those that . . . determine . . . the jurisdiction of the person.").
[2] §§ 559.80-.815, Fla. Stat.
[3] §§ 501.201-.213, Fla. Stat.
[4] § 817.416, Fla. Stat.
[5] The franchise operation involved the sale and rental of electrical vehicles.
[6] § 48.193. Acts Subject Person to Jurisdiction to Courts of State

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of any of the following acts:
* * *
(b) committing a tortious act within this state.
[7] The standard of review of a trial court's ruling on a motion to dismiss for lack of jurisdiction is de novo. Wendt v. Horowitz, 822 So.2d 1252, 1256-57 (Fla.2002).