972 So.2d 1069 (2008)
KC LEISURE, INC., Appellant,
v.
Lawrence HABER, et al., Appellee.
No. 5D07-907.
District Court of Appeal of Florida, Fifth District.
January 25, 2008.
*1071 Eric A. Lanigan and Roddy B. Lanigan of Lanigan & Lanigan, PL, Winter Park, for Appellant.
Mark O. Cooper, of O'Neill, Liebman & Cooper, P.A., Orlando, for Appellee.
MONACO, J.
The appellant, KC Leisure, Inc., appeals the final order of the trial court dismissing with prejudice its fourth amended complaint against the appellee, Lawrence Haber.[1] Because we conclude that the complaint stated causes of action against Mr. Haber for violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"),[2] and for fraudulent inducement, we reverse.
This dispute involves the sale of a franchise by Relay Transportation, Inc., to KC Leisure. The franchise authorized KC Leisure to open a retail outlet in the Central Florida area for the sale and rental of electric vehicles. KC Leisure alleged that Mr. Haber was a stockholder and officer of Relay Transportation.
Basically, KC Leisure asserts in its complaint that Mr. Haber and the other defendants, while acting in their capacities as corporate officers, directors and shareholders of Relay Transportation, communicated with each other both verbally and in writing about the disclosure requirements applicable to the sale of franchises to prospective purchasers. Mr. Haber is specifically alleged to have advised the other defendants in this connection and imparted information to them concerning the liabilities and penalties that might result from a failure to comply with the requirements. According to the complaint, however, Mr. Haber and the other defendants decided not to provide any of the disclosures mandated by state and federal authorities, despite knowing that the disclosures were required by law. KC Leisure further alleged that Mr. Haber and his co-defendants devised a scheme to provide KC Leisure with a "license agreement," rather than a franchise agreement, so that they could obtain a $50,000 franchise fee from KC Leisure before actually creating and handing over a Uniform Financial Offering Circular and franchise agreement.
*1072 KC Leisure purportedly entered into the license agreement and paid the $50,000 franchise fee to Relay Transportation, even though none of the disclosures had been made. KC Leisure then alleges that it obtained and renovated retail space at its own expense and began operation of the franchise. Eleven months later it sought to rescind the agreement by written notice to Relay Transportation and Mr. Haber based on the failure of Relay Transportation to provide the disclosures in a timely fashion and on the fact that certain misinformation was contained within them once they were belatedly provided. When no relief was forthcoming, KC Leisure brought suit.
The two-count complaint was not drafted with perfect clarity. In the first count, KC Leisure sought damages for violation of the FDUTPA against Mr. Haber and others. It alleged that the intentional failure to provide the disclosures set forth in 16 C.F.R. § 436.1 constituted an unfair or deceptive act in violation of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1). The foundation for the claim is the language found in section 501.203(3), Florida Statutes (2005), that states, among other things, that the term "violation of this part" means any violation of the FDUTPA and may be based on rules promulgated pursuant to the Federal Trade Commission Act or the standards of "unfairness and deception set forth and interpreted by the Federal Trade Commission or the federal courts."
The trial court dismissed count I with prejudice saying first that:
[C]hapter 559.801 et seq. (2005), Florida's Sale of Business Opportunities Act ("The Act") "defines a `business opportunity' as the sale or lease of products, equipment, supplies or services sold to a purchaser to enable him to start a business under certain defined circumstances; however, the statute expressly excludes the sale of an ongoing business." Batlemento v. Dove Fountain, Inc., 593 So.2d 234 (Fla. 5th DCA 1991).
In further reliance on the Batlemento case, the trial court then held that the FDUTPA only imposes liability on "sellers and not their shareholders or individuals who act for the seller." Thus, the trial court eliminated the statutory basis for, the appellant's FDUTPA claim. In doing so, the trial court erred.
The FDUTPA makes unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." § 501.204, Fla. Stat. (2005). As noted above, a FDUTPA claim may be based on rules promulgated pursuant to the Federal Trade Commission Act or the standards of "unfairness and deception set forth and interpreted by the Federal. Trade Commission or the federal courts." § 501.203(3), Fla. Stat. (2005), Thus, if the claims of KC Leisure fall within these parameters, a cause of action may be stated against appellees.
The purpose of the FDUTPA is "[t]o protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat. (2005); see also Citibank (S.D.) N.A. v. Nat'l Arbitration Council, Inc., 2006 WL 2691528 (M.D.Fla. Sept. 19, 2006). FDUTPA makes unlawful "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce." § 501.204, Fla. Stat. (2005); see also Citibank. Instead of defining specific elements for an action under the statute, it directs the courts of Florida to give "due consideration and great weight . . .: to the interpretations of the Federal Trade Commmision *1073 Act, 15 U.S.C., section 45(a)(1)." § 501.204(2), Fla. Stat. (2005); see also Romano v. Motorola, Inc., 2007 WL 4199781 (S.D.Fla. Nov. 26, 2007); Davis v. Powertel, Inc., 776 So.2d 971, 974 (Fla. 1st DCA 2000), review denied 794 So.2d 605 (Fla.2001).
The Federal Trade Commission, pursuant to the Federal. Trade Commission Act, 15 U.S.C. §§ 41-58, promulgated a rule known as the Franchise Rule, that concerns disclosure requirements and prohibitions associated with franchising in 16 C.F.R. § 436.1. The Franchise Rule requires a franchisor to provide prospective franchisees with a complete and accurate basic disclosure document containing twenty categories of information. 16 C.F.R. § 436.1(a). The rule also requires a franchisor to provide prospective franchisees with an earnings claims document containing substantiating information with respect to earnings or profit representations made by the franchisor. 16 C.F.R. §§ 436.1(b)(3), (c)(3). Finally, the failure of a franchisor to comply with these rules in connection with the manner that financial projections are presented to prospective purchasers, and in connection with the provision of certain required disclosures to purchasers, are considered to be unfair and deceptive trade practices under section 5 of the Federal Trade Commission Act. See 15 U.S.C. § 45(a).
Although not specifically identified in the statute, there are basically three elements that are required to be alleged to establish a claim pursuant to the FDUTPA: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages. Booloworkl Trade, Inc. v. Daughters of St. Paul, Inc., 2007 WL 4124351, ___ F.Supp.2d ___ (M.D.Fla. Nov. 16, 2007). The, claim made by KC Leisure in the first count of its Fourth Amended Complaint is that Relay. Transportation violated the Franchise Rule by failing to give its prospective franchisee, KC Leisure, the requisite disclosure documents, and by providing it with an inaccurate and misleading financial projection. It further alleges that as a direct and proximate result of the deceptive and unfair trade practices KC Leisure, in reliance on this misinformation, was induced to pay $50,000 to purchase a franchise from Relay Transportation, and incurred other expenses associated with the startup of a business, and was, accordingly, damaged. This appears to satisfy all of the elements necessary to state a cause of action under the FDUTPA.
The trial court in dismissing the complaint drew no conclusions concerning whether the Franchise Rule was violated by Relay Transportation. Rather, when it granted the dismissal with prejudice, it found that the FDUTPA only applies to the corporate seller, Relay Transportation, and not to its individual shareholders or officers, such as Mr. Haber. Indeed, Mr. Haber continues to argue this position, albeit without citation to any case authorities.
The case law demonstrates, however, that under the Federal Trade Commission Act an individual may be liable for corporate practices in violation of that statute once corporate liability is established. In order to prove individual liability it is necessary to show that an individual defendant actively participated in or had some measure of control over the corporation's deceptive practices. See, e.g., F.T.C. v. Standard Educ. Soc'y, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. 141 (1937); F.T.C. v. GEM Merchandising Corp., 87 F.3d 466, 470 (11th Cir.1996); F.T.C. v. Amy Travel Serv., Inc., 875 F.2d 564, 573 (7th Cir. 1989). In addition, to hold a corporate officer liable for monetary restitution, a plaintiff is also required to establish that the defendant had or should have had knowledge or awareness of the misrepresentations. *1074 Amy Travel Sera, 875 F.2d at 574.
Similarly, it has long been the law in Florida that in order to proceed against an individual using a FDUTPA violation theory an aggrieved party must allege that the individual was a direct participant in the improper dealings. See Anden v. Litinsky, 472 So.2d 825 (Fla. 4th DCA 1985); General Dev. Corp. v. Catlin, 139 So.2d 901 (Fla. 3d DCA 1962); see also Rollins, Inc. v. Heller, 454 So.2d 580 (Fla. 3d DCA 1984) (noting that it is unnecessary to pierce the corporate veil because the individual defendant was a direct participant in the dealings), review denied, 461 So.2d 114 (Fla.1985). More recently in Aboujaoude v. Poinciana Development Company 509 F.Supp.2d 1266, (S.D.Fla.2007), the court commented:
FDUTPA makes unlawful "[u]nfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce." § 501.204(1), Fla. Stat. (1981). In order to proceed against an individual for a violation of FDUTPA, a plaintiff must allege that the individual was a direct participant in the dealings.
Id. at 1276-77 (citations omitted).
Thus, once the liability of Relay Transportation is established, Mr. Haber is properly named as a defendant, provided it is alleged that he was a direct participant in the actions that constituted a violation of the FDUTPA. As KC Leisure has, indeed, made the requisite allegations, the count states a cause of action against Mr. Haber.
More particularly, the allegations of the final complaint against Mr. Haber accuse him, among other things, of having actual knowledge of the violations of the Franchise Rule that the corporation was involved in and intentionally electing not only to ignore those requirements, but to draft documents to be given to KC Leisure that were specifically known by him to be violative of the Franchise Rule. The complaint alleged that the defendants, including Mr. Haber, collectively and unanimously cooked up the scheme of providing a "license," rather than the bargained-for franchise, so that the requirements could be evaded prior to KC Leisure's turning over of the $50,000 franchise fee. Finally, he is alleged to have assisted in the preparation of certain pro forma financial documents and spreadsheets with full knowledge that they were inaccurate.
It seems clear, therefore, that KC Leisure has pled a violation of the Federal Trade Commission Act, and hence the FDUTPA, by Relay Transportation and has stated a cause of action against Mr. Haber, as well. The trial court's holding, that the FDUTPA "clearly focus[es] on imposing liability only on sellers and not their shareholders or individuals who act for the seller," is not supported by the case law in general, as we have noted above, or by Batlemento, the case cited by the trial court in its order, in particular.
The trial court's reliance on Batlemento for the proposition that the FDUTPA imposes liability only on the corporate entity but not on the individuals involved in purported misdeeds is misplaced. First, the holding in Batlemento to the effect that the Florida Sale of Business Opportunities Act, sections 559.80-.815, Florida Statutes (1983) ("FSBOA"), does not apply to the sale of an ongoing restaurant business, has little relevance to a claim involving purported misrepresentations under the federal statute and rules in connection with the sale of a franchise to open a new business. Second, Batlemento does not address the issue of personal liability. The FSBOA is only referenced in the first count to reflect that Relay Transportation attempted to comply with section 559.802, Florida Statutes (2005), so as to qualify for an exemption under that statute. That *1075 Relay Transportation complied with the FSBOA does not eviscerate the claim of KC Leisure that it violated the Federal Trade Commission Act and the Franchise Rule. The franchise exemption under the FSBOA does not compel a finding of a franchise exemption under the FDUTPA.
We now turn to the second count of the fourth amended complaint. In this count KC Leisure seeks to state a cause of action for fraudulent practices by alleging that Mr. Haber violated the Florida Franchise Act[3] by intentionally misrepresenting" the prospects of success of the franchise that KC Leisure thought it was buying. Mr. Haber, of course, was an officer and shareholder of Relay Transportation when these actions were alleged to have occurred.
The trial court dismissed this count with prejudice because it found no specific allegations that Mr. Haber personally participated in the conduct that was put forth as a violation of the statute. The court concluded that "Plaintiff cannot possibly establish liability by reason of Defendant's mere relationship to the corporation without alleging that he also personally participated in the fraud described."
Because the sufficiency of a complaint is a matter of law, we review the dismissal de novo. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732 (Fla. 2002). We begin by observing that when presented with a motion to dismiss, a trial court is required to "treat the factual allegations of the complaint as true and to consider those allegations in the light most favorable to the plaintiffs." Id. at 734-35 (citations omitted).
Section 817.416(2), Florida Statutes (2005), reads in pertinent part as follows:
(a) It is unlawful, when selling or establishing a franchise . . . for any person:
1. Intentionally to misrepresent the prospects or chances for success of a proposed or existing franchise or distributorship; or
2. Intentionally to misrepresent, by failure to disclose or otherwise, the known required total investment for such franchise or distributorship.
In count II of the complaint, KC Leisure alleged that Mr. Haber participated in the development of pro forma spreadsheets regarding Relay Transportation specifically to provide to KC Leisure and had actual knowledge of its contents and omissions. The pro forma purported to show the anticipated costs and revenues in the startup and operation of the franchise being sold to KC Leisure. The complaint alleged, as well, that the pro forma spreadsheets were based on "conjecture and speculation" without any substantive research, which resulted in the document containing "unsubstantiated and misleading" representations. It further asserts that Mr. Haber and the other defendants authorized the delivery of the misleading document to KC Leisure. Finally, the count alleged that the defendants, including Mr. Haber, misrepresented the known total investment for the franchise, all of which misled the appellant into handing over the $50,000 fee and investing money in the franchise operation.
It appears to us that KC Leisure has sufficiently pled the requirements of section 817.416 to state a cause of action. A complaint must allege ultimate facts which, if established by competent evidence, would support a decree granting the relief sought by the pleader. See Doyle v. Flex, 210 So.2d 493, 494-95. (Fla. 4th DCA 1968). There are ample allegations contained in count II of personal participation which, if true, would support a judgment for damages against Mr. Haber. *1076 Accordingly, we reverse the dismissal of this count as well.
Although the complaint filed in this case is rather confusing, it does state the causes of action discussed. Thus, we reverse the dismissal with prejudice of the fourth amended complaint and remand the case to the trial court for further proceedings.
REVERSED and REMANDED.
PLEUS and EVANDER, JJ., concur.
NOTES
[1] We also considered other issues in this controversy in Thorpe v. Gelbwaks, 953 So.2d 606 (Fla. 5th DCA 2007).
[2] §§ 501.201-213, Fla. Stat. (2005).
[3] § 817.416, Fla. Stat. (2005).