# Third District Court of Appeal
## State of Florida

Opinion filed February 21, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0424
Lower Tribunal No. 16-44
_____

## Phyllis Zyskind, et al.,
Appellants,

vs.

## Elena Koss, etc.,
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

The Hall Law Firm, P.A., and Adam S. Hall and Roarke Maxwell, for appellants.

Jay M. Levy, P.A., and Jay M. Levy, for appellee.

Before LOGUE, C.J., and MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. Shwartzberg v. Knobloch, 98 So. 3d 173, 181 (Fla. 2d DCA 2012) ("[A] nonresident corporate officer is subject to personal jurisdiction if the officer directed 'fraud or other intentional misconduct' at parties in the State of Florida.") (citation omitted); see Walter Lorenz Surgical, Inc. v. Teague, 721 So. 2d 358, 359 (Fla. 1st DCA 1998) ("The court's sole inquiry and determination [is] whether the tort *as alleged* occurred *in Florida,* and not whether the alleged tort *actually occurred.*"); Amersham Enters., Inc. v. Hakim-Daccach, 333 So. 3d 289, 297 (Fla. 3d DCA 2022) ("Our Supreme Court has previously held that directing a conspiracy and tortious conduct toward Florida satisfies both specific long-arm jurisdiction and the due process concerns implicated in a minimum contacts analysis.") (citing § 48.193(1)(a)(2), Fla. Stat.); see also NHB Advisors, Inc. v. Czyzyk, 95 So. 3d 444, 448 (Fla. 4th DCA 2012) ("[I]f a plaintiff has successfully alleged a cause of action for conspiracy among the defendants to commit tortious acts toward the plaintiff, and if the plaintiff has successfully alleged that any member of that conspiracy committed tortious acts in Florida in furtherance of that conspiracy, then all of the conspirators are subject to the jurisdiction of Florida through its long-arm statute.").