# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0588
Lower Tribunal No. 22-24125-CC-05
_____

## Thompson Nation Holdings LLC, et al.,
Appellants,

vs.

## Nicollette Gonzalez,
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Law Office of Gawane Grant, P.A., and Gawane Grant (Lauderhill), for appellants.

Kozyak Tropin & Throckmorton LLP, and Rasheed K. Nader and Tal J. Lifshitz, for appellee.

Before LOGUE, GORDO and GOODEN, JJ.

LOGUE, J.

Appellants, Shawn Thompson, Thompson Nation Holdings LLC, and Small Move Movers LLC, appeal a final summary judgment and permanent injunction entered against them in an action brought by their client, Nicolette Gonzalez, alleging claims for replevin, fraud, fraudulent misrepresentation, negligent misrepresentation, breach of contract, and violations of Florida's Household Moving Services Act and Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Finding no reversible error, we affirm.

## BACKGROUND

Thompson Nation Holdings LLC and Small Move Movers LLC are moving companies owned and operated by Shawn Thompson (collectively, the "Mover Defendants"). Nicolette Gonzalez, a pharmacy student set to begin her studies in Gainesville, hired the Mover Defendants to transport her belongings from Miami to Gainesville. The Mover Defendants offered her various discounts and assured her that her belongings would arrive the same day and the move would not be a shared move with anyone else. Gonzalez executed a Binding Moving Estimate in the amount of $1,146.00 for her move. The Binding Moving Estimate indicated there would be no additional charges unless specified or upon request.

On the morning of the move, the movers handed Gonzalez a Combined Uniform Household Goods Bill of Lading and Freight Bill.

2

Gonzalez testified this Bill of Lading did not specify any rates or additional charges and that the subsequent Bill of Lading she was ultimately provided after the move included handwritten information under "Rates and Description," which had previously been blank when she was asked to sign it on the morning of the move. Thompson acknowledged in his deposition that this information is tallied upon arrival at the destination.

On arrival in Gainesville, the movers presented Gonzalez with an invoice totaling $4,389.25 for 25 hours of work (although only 14 hours had elapsed since the pickup). The invoice also included fees Gonzalez did not agree to and that were not included in the prior Binding Moving Estimate. Finally, the invoice removed every discount Gonzalez was previously promised under the Binding Moving Estimate.

Gonzalez refused to pay the new invoice amount and instead advised she would pay the amount agreed to in the Binding Moving Estimate. The Mover Defendants refused to unload her belongings unless she paid the new invoice amount and left with her belongings when she went inside to call the police. Gonzalez later spoke with Thompson directly and he rejected her attempt to pay the amount agreed on in the Binding Moving Estimate, instead offering to return her belongings if she paid the invoice amount with a slight discount.

3

Gonzalez sued the Mover Defendants and alleged claims for replevin, fraud, fraudulent misrepresentation, negligent misrepresentation, breach of contract, and violations of Florida's Household Moving Services Act and FDUTPA. The Mover Defendants responded and filed a counterclaim for breach of contract. The Mover Defendants contended Gonzalez signed the Bill of Lading, which they alleged provided Gonzalz with all the expenses associated with the move, and Gonzalez agreed to pay the Mover Defendants the amount of $4014 for the move.[1] Gonzalez responded to the counterclaim and alleged affirmative defenses including lack of consideration, fraud in the inducement, prior breach by the Mover Defendants, violation of FDUTPA and Florida's Household Moving Services Act, unclean hands, unconscionability, and misrepresentation.

The trial court ultimately granted summary judgment in favor of Gonzalez on her claims, the Mover Defendants' counterclaim, and her affirmative defenses. The trial court concluded the Mover Defendants violated Florida's Household Moving Services Act, which constituted a per se violation of FDUTPA, by misrepresenting and deceptively representing

---

[1] This amount appears to reflect the slightly discounted amount Thompson directly offered Gonzalez.

4

their contract with Gonzalez and the price, size, nature, extent, qualities, and characteristics of the moving services offered.

The trial court found the undisputed facts established the Mover Defendants misrepresented and deceptively represented the price of the move by including fees not previously specified or disclosed, misrepresenting the cost of labor time, misrepresenting that the move was discounted, misrepresenting that their employees were certified, fingerprinted, background checked, and drug tested, and misrepresenting that the Mover Defendants were licensed to provide household moving services in Florida when the Binding Moving Estimate was signed and on the day of the move. The trial court also found the undisputed facts established the Mover Defendants misrepresented the timeframe and schedule for the delivery by servicing another move during Gonzalez's move.

The trial court concluded Thompson was personally liable under FDUTPA because he was a direct participant in the improper dealings. The trial court also concluded the foregoing established liability for Gonzalez's claims of fraud, fraudulent misrepresentation, and negligent misrepresentation. Finally, the trial court concluded the Binding Moving Estimate was a valid contract and that the Mover Defendants materially breached the contract by failing to provide moving services for the agreed

5

price in the Binding Moving Estimate. The trial court also granted Gonzalez a permanent injunction under FDUTPA, enjoining the Mover Defendants from misrepresenting or deceptively representing certain information to future customers.

As for the Mover Defendants' counterclaim, the trial court concluded that the undisputed facts did not support the Mover Defendants' contention that Gonzalez agreed to pay the amount of $4014. This appeal timely followed.

**ANALYSIS**

The Mover Defendants contend the trial court erred in granting summary judgment because there were genuine issues of material fact regarding Gonzalez's failure to pay the contracted amount. The Mover Defendants further argue the trial court erred in granting summary judgment as to Thompson individually because he did not conduct any business with Gonzalez in his personal capacity, rather the contracts were executed by the corporate defendants and Gonzalez, and there was no evidence to support his individual liability under FDUTPA. Finally, the Mover Defendants contend the trial court erred in granting Gonzalez a permanent injunction because she did not suffer any irreparable injury and the remedies available at law

6

were adequate to compensate for her injury. Each of these arguments, however, lack merit.

To begin with, the Mover Defendants fail to identify any evidence in the record creating a genuine issue of material fact regarding the contracted amount Gonzalez agreed to pay. The Mover Defendants simply continue to maintain that Gonzalez signed the Bill of Lading, which they allege "list[ed] the rates and description of the Services that [were] provided by the [the Mover Defendants]." Thus, they argue the Bill of Lading was proof creating an issue of fact regarding whether Gonzalez agreed to pay the new invoice amount presented at the end of the move rather than the Binding Moving Estimate amount.

However, the Mover Defendants fail to provide any evidence to counter Gonzalez's testimony that she did not agree to pay the new invoice amount presented to her at the end of the move and that the Bill of Lading she executed on the morning of the move did not specify any rates or additional charges as reflected in the subsequent Bill of Lading she was ultimately provided after the move. This subsequent Bill of Lading included handwritten information under "Rates and Description" that was not there when Gonzalez was asked to sign it the morning of the move. Indeed, rather than providing evidence to establish a genuine issue of fact in this regard, the Mover

Defendants provided evidence corroborating Gonzalez's version of events as Thompson acknowledged in his deposition that the additional handwritten information under "Rates and Description" was tallied upon arrival at the destination. Thus, the Mover Defendants failed to provide any evidence establishing Gonzalez agreed to pay any amount other than that reflected in the Binding Moving Estimate.

As for the Mover Defendants' argument that Thompson should not have been found liable in his individual capacity, this argument also lacks merit. "[I]t has long been the law in Florida that in order to proceed against an individual using a FDUTPA violation theory[,] an aggrieved party must allege that the individual was a direct participant in the improper dealings." KC Leisure, Inc. v. Haber, 972 So. 2d 1069, 1074 (Fla. 5th DCA 2008). Indeed, in Rollins, Inc. v. Heller, 454 So. 2d 580, 582 (Fla. 3d DCA 1984), the appellant similarly contended that it was not the contracting party and therefore could not be held liable, but this Court held that, like Thompson here, the appellant was a direct participant in the dealings with the appellee and could be held liable without the need to pierce the corporate veil.

Here, Thompson himself testified that all decisions and business of the corporate defendants was conducted directly by him. Gonzalez also testified that she spoke directly to Thompson, and he refused to return her belongings

8

unless she paid the invoice amount, offering only a slight discount. Accordingly, there was undisputed evidence in the record to support the trial court's conclusion that Thompson was a direct participant in the improper dealings.

Finally, the Mover Defendants' contention that the trial court erred in granting Gonzalez a permanent injunction because she did not suffer any irreparable injury and the remedies available at law were adequate to compensate her for her injuries also fails. FDUTPA provides, in relevant part, that "anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." § 501.211(1), Fla. Stat. (emphases added). There is nothing in the plain language of the statute that required Gonzalez to show any irreparable harm or lack of adequate alternative remedies to obtain injunctive relief. Instead, the statute simply requires that Gonzalez show she was "aggrieved by a violation" of FDUTPA. The record here reflects that she did so.

Finding no reversible error, we affirm.

Affirmed.